Ex Parte Eliza R. Cubbage, *et al.*, Respondents, *vs.* Robert L. Franklin, Appellant.

1. *Partition, judgment in, must not contravene will.*—Where, by the terms of a will the estate is vested in the executors to be sold after the death of testator's wife, and the proceeds to be divided among the children, a judgment in partition on the death of the testator, is improper. Partition cannot be made in contravention of a will.

2. *Sheriffs' sales—Inadequacy of consideration—Irregularities, as to strangers, as to privies.*—Inadequacy of price as a ground for setting aside a sheriff's sale, after the rights of innocent third parties have intervened, is not favorably regarded by the courts. But as to parties affected with knowledge of the facts, infirmities and irregularities connected with the sale, such as inadequacy of consideration, failure of the sheriff's report to show sale during a session of the circuit court and the like, are considered in a different light, as ground for equitable relief.

3. *Sheriff's report of sale, exceptions to—Rule of St. Louis circuit court, to what does not apply.*—Rule forty-four of the St. Louis circuit court, providing that, unless exceptions to a sheriff's report of sale are made within three days, the same shall stand confirmed, has no application to a case where irregularities are apparent on the face of the sheriff's return.

### *Appeal from St. Louis Circuit Court.*

*J. G. Chandler,* for Appellant, cited Durham vs. Durham's Adm'r, 34 Mo., 447; Dan. Ch. Pr., 1726, and note; Rule 44 St. Louis Ct. Ct.

*Dryden & Dryden,* for Respondents.

Napton, Judge, delivered the opinion of the court.

On the 10th of May, 1870, there was a petition filed in the office of the clerk of the circuit court of St. Louis county, by Eliza R. Cubbage, James R. Cubbage and Catherine Cubbage, the two last named by their curator, Daly, for a partition of certain lots in the town of Kirkwook. The petition stated, that the property was acquired by the petitioners through the will of Edward J. Cubbage, deceased; that Eliza R., the widow of said Edward, was entitled to a life estate in said lots, and the other petitioners, who were minors and children of said Edw. J. and Eliza R.. owned an undivided half in fee, subject to the life estate. And the petition asked for a partition according to their respective rights. and for a sale, if partition could not be made without prejudice, etc.

On the same day, as the record shows, the court entered a judgment, on proofs adduced, that the petitioners were tenants in common of said lots, and determined their rights to be as follows : That said Eliza was entitled to a life estate, and that the other two petitioners, minor children, were each entitled to an undivided half, subject to the life estate of said Eliza. It was therefore ordered, adjudged and decreed, that partition of said real estate be made among the parties thereto, according to their respective rights, etc., and for that purpose the court appointed Henry T. Mudd and Hiram Leffingwell, two respectable freeholders, etc., and Julius Pitzman, county surveyor, as commissioners to make the partition, and to report their proceedings to the court.

On the 31st of May, 1870, the record states that the report of the commissioners was filed. Afterwards, on June 7, 1870, the following entry appears of record : "Now, at this day, it appearing to the court that the report heretofore filed of the commissioners in this cause has been laid over for five days. under the rule of this court, and no objection to the confirmation thereof being made, it is therefore, on motion of A. W. Daly, ordered and adjudged that the said report be confirmed ; and it further appearing from said report, that partition in kind cannot be made of the real estate mentioned, etc., it is therefore, on motion of said Daly, ordered that the sheriff of St. Louis county proceed to sell said real estate according to law, on the following terms, to-wit : One-third cash, one third in a year, and the balance in two years, the deferred payments to bear six per cent., to be secured by deed on the property sold. And it is further ordered that said sheriff make return of his proceedings herein according to law."

On July 20th, 1870, the following entry appears : "On motion of the petitioners, it is ordered that the order of sale be amended *nunc pro tunc*, as of June the 7th, 1870, so as to require in the terms of sale one-tenth part of the purchase money to be paid in cash, and the balance 'as in the former order.' "

On the 23d of July, 1870, the sheriff filed his report of sale, from which it appears, that he advertised the property on the 7th day of June, 1870, and published the advertisement in two newspapers twenty days prior to the sale, and on the 5th of July sold all the right, title and interest of the parties to said lots, for $5,100 to Eliza R. Cubbage, who was the highest bidder, and that said purchaser paid him $200 in part payment.

The next entry on the record is without date, but appears, from the affidavit accompanying the petition, to bear date April 27, 1872.

This petition was filed by B. A. Hill, as curator of James R. and Catherine Cubbage, aged thirteen and fifteen years. It recites the facts heretofore shown by the record, and states that said Eliza R. Cubbage has failed to pay the amount bid upon said property, and is now unable and refuses to pay the same, and that no deed was made to her by the sheriff. The prayer was, therefore, that said sale be declared null. And the petition further states, that said Daly, although appointed curator, never qualified, and they ask, therefore, that B. A. Hill be substituted as curator, in the circuit court. It is further alleged, that the will of their deceased father makes proper partition of said estate, and said partition was in direct contravention of its terms; and further, that said partition and sale were made in the interest of said Eliza R. Cubbage and A. M. Daly, their former guardian, and in fraud of the petitioners, and for the purpose of a private speculation on the part of said Eliza R. and said Daly, and the property was sold for a wholly inadequate price, and is entirely prejudicial to the interests of the infant petitioners. This petition was accompanied by an affidavit of I. C. McDonough, who stated that Mrs. Cubbage had wholly failed to comply with the terms of the sale, and was wholly insolvent, etc.

Then there appears on the record, without date, a petition of J. Franklin, who states, that since the sale made by the sheriff, in July, 1870, he purchased all the right, title and interest of Eliza R. Cubbage in the lots sold, on the first day

of April, 1872, at sheriff's sale, upon execution against said E. R. Cubbage, and included all her right under said purchase. Said Joseph Franklin brings his deed into court, as evidence of his said purchase, and prays leave to pay into court all sums chargeable on account of said Eliza R.'s purchase of said lots under sheriff McNeil's sale, and that a deed be made to him by said McNeil, and that out of the proceeds of sale so paid by petitioner, there be paid to him the present value of the life estate of said Eliza R., and for general relief.

Afterwards, at the June term, 1873, the two motions were considered, and the motion of the curator Hill was sustained, and the sale to Eliza R. Cubbage set aside, and the motion by Franklin was overruled. A motion for a new trial was made, but overruled.

In January, 1874, a bill of exceptions was filed, containing all the testimony offered on the trial of these two motions. The curator offered the will of Cubbage in evidence, and it was received against the objections of Franklin. In substance the will devised his real estate to his wife for life, and directed his executors, or the surviving executor, on the death of his wife, to sell said real estate, and divide the proceeds between his two children. The executor was authorized to make conveyances.

Evidence was given by the curator, on his motion to set aside the sale, that the property, without improvements, was worth at least $3,500, and the building cost $23,000, but was worth less at the time of the sale, by reason of its being badly constructed, of inferior materials, and located in a situation not eligible for a hotel. There is no evidence of any fraudulent contrivance between Mrs. Cubbage and the curator who petitioned for the partition.

The building was erected by Mrs. Cubbage, after the death of her husband, and paid for with money advanced by Mr. Franklin, of the firm of Duncan, Barr & Co., of which firm Mr. Cubbage had, in his life time, been a member, and by the terms of the co-partnership, the business was to be conducted, after the death of either partner, in the same name,

upon paying to the representatives of the dead partner $8,000 a year. It seems from the evidence admitted, or offered, that $35,000 had been paid to Mrs. Cubbage by this firm, and a sale of the interest of Cubbage at one time was effected for $40,000, and that a suit grew out of this transaction, now pending.

This evidence is nowise important, except to show the object of Mr. Franklin in buying the title of Mrs. Cubbage to the property. It was rejected by the court as irrelevant.

The only question in the case is, whether the circuit court erred in setting aside the sale. There was no application to the court to set aside the judgment of partition. That the court erred in making an order of partition in the case, as the facts now appear, is clear. The infant children of Cubbage had no remainder in this estate. By the will it was vested in his executors, to be disposed of after the death of his wife, and the original judgment of partition was at least erroneous, if not totally void, as the facts now appear. Our partition law is very broad, but it at least provides that a partition cannot be made in contravention of a will. Indeed, if the contrary was held, there would be no use in our statutes allowing a testator to make a will. But no question was made in this case as to the judgment of partition. The only objection was as to the sale, and perhaps, on the record as it stands, no objection to the original judgment of partition would avail.

The rule of the court (No. 44) was as follows: "Within three days next after the sheriff shall have filed a report of his proceedings under any order of sale in partition cases, any party interested therein may make or file exceptions or objections thereto, and if no exceptions or objections be filed within the time above specified, then the same, if regular upon its face, shall stand confirmed."

The report of the sheriff in this case did not show that the property was offered for sale during the session of the circuit court. Nor did the report show that the purchaser had complied with the terms of the order of sale, in giving notes or

a deed to secure the purchase money. And these seem to be the only grounds upon which the sale was set aside, except that the sale was made at an inadequate price.

The petitioner, Franklin. offered to pay his share of the purchase money, upon the hypothesis that he had bought the interest of the wife.

The evidence in regard to the will was clearly inadmissible, as it had no reference to any issue in the case.

Inadequacy of price, as a ground for setting aside a sheriff's sale, after the intervention of the rights of third parties, is a position not favorably received by the courts. There is always a great diversity of opinion as to the value of property, and if a sale is fairly conducted, and competition is not precluded by improper means, the courts have seldom any better test of the value of property than the results of the sale. In this case the only bidders appear to have been the curator of the children and the agent of the mother. The curator who applied for the partition, and was present at the sale, seems to have been quite as ignorant of the rights of his wards in the sale as he was in the original partition. He seems to have imagined that his wards, the children of Cubbage, had no interest in the building which had been put on the lots by Mrs. Cubbage, and therefore ceased bidding when the value of the lots alone was reached.

There could be no hesitation in setting aside this sale, had no other rights intervened, and in this case Mr. Franklin comes into court, not as a purchaser without notice of a legal title, but as recognizing the failure of Mrs. Cubbage, from whom he bought, to comply with the terms of her bargain, and offering to pay the purchase money, and asking for a deed to him. He occupies, then, the same position as if the imperfect title had still remained in his grantor. Very different considerations would apply to a case where the sheriff had made a deed, and after the lapse of two years an attempt was made to set aside a sale, on account of the irregularities in the sale now complained of. The petitioner, Franklin,

came into court chargeable with full knowledge of the condition of the title he bought at a sheriff's sale. As the sale on the partition proceeding had not in fact been completed, the discretion of the court, in regard to setting it aside or confirming it, had not been taken away by the lapse of time. The 44th rule did not apply to a case, where irregularities apparent on the face of the sheriff's return had occurred.

Upon the whole,. we have, with some hesitation reached the conclusion, that under the peculiar circumstances of this case, the judgment of the circuit court was right, and must be affirmed. The other judges concur.