FRANK BROWN, Appellant, *v.* CHARLES E. CODDINGTON and Others, Respondents, and EMILY K. BOND, Appellant.

*Action for the partition of real property — an agreement not to partition is a defense to the action — when it is supported by a sufficient consideration.*

An agreement made not to partition certain real property during a certain time constitutes a legal defense to an action brought during such time for its partition.

An agreement not to partition certain property, during the continuance of the contract in which such agreement was contained, was entered into by all the owners of such property, who appointed an agent for its management and provided for the creation of a fund to pay off liens, mortgages and debts thereon. *Held,* that such agreement was supported by a sufficient consideration.

APPEAL by the plaintiff, Frank Brown, and also by the defendant Emily K. Bond, from a judgment of the Supreme Court in favor of certain of the defendants, made at the New York Special Term and entered upon the decision of the court in the office of the clerk of the city and county of New York on the 3d day of June, 1892, dismissing the plaintiff's complaint upon the merits, with costs.

*David McClure,* for the appellants.

*Alfred B. Cruikshank,* for the respondents.

PARKER, J.:

By this action it was sought to partition certain property of which Kathleen E. Brown was, at the time of her death, seized and in possession of.

She died intestate September 5, 1886, leaving the plaintiff, Frank Brown, and the defendants Lily A. G. Coddington and Emily K. Bond, her children, as her only heirs at law and next of kin. The trial court held that the plaintiff had neither actual or constructive possession, and dismissed the complaint. A few days after the death of intestate, Lily A. G. Coddington and her husband, Charles E. Coddington, were duly appointed administrators of the personal estate of said intestate, and thereafter entered upon the discharge of such office.

About the 10th day of October, following, the parties named, entered into a tripartite agreement, in which the administrators were named as the parties of the first part; the heirs at law and next of kin of intestate as parties of the second part, and Charles E. Coddington party of the third part.

After describing the property of which intestate was the owner at the time of her death, and reciting that the property was incumbered with liens and claims for taxes, water rates, ground rents, bonds, mortgages and debts; declaring it to be the belief of the parties that a sale or division of the property would result in great loss, and further, that the actual management of all of said interests should be had by one person, rather than by the acts of all the persons interested in said property, the agreement provided for the conduct and management of the estate in substance as follows:

The party of the first part and the party of the third part to act as the agent and attorney of all the other parties; that a fund should be accumulated wherewith to pay liens, mortgages and debts, to accomplish which, it was agreed that the parties of the first and third parts would not be required to deliver to any of the parties any of the property during the existence of the agreement, or to pay to either of them in any one year a sum exceeding $1,200.

The compensation of the party of the third part was fixed at five per centum on the moneys received.

By the seventh clause it was expressly covenanted that no partition should be had during the continuance of the agreement. The

tenth clause fixed the term of the agreement at eight years from the date of the instrument, unless canceled by the written consent of all the parties of the second part, or until the death of the party of the third part, or his refusal to act further in the matter, either of which events should terminate the agreement. At the time of the commencement of this suit neither of those events had happened.

The parties of the first and third parts at once entered upon the performance of the obligations assumed by the agreement, and were so continuing at the time this suit was begun, September 12, 1890.

Paragraph 7 of the amended complaint alleged: " That the said defendant Charles E. Coddington has been in the possession and control of said premises, and collecting the rents thereof, under an alleged authority claimed by him to be conferred" by the instrument in writing, to which reference has already been made; and as to it the complaint further averred: " That in truth and in fact this plaintiff was wholly uninformed as to the contents thereof when he signed the same, and the same is not, and never was, a binding obligation on this plaintiff."

His assertion of lack of knowledge of the contents of the agreement was not borne out by the testimony on the trial. The references so far made to the contract establish its mutuality, and the agreement therein contained, that " it is now expressly covenanted and agreed that no partition whatever of such real estate shall be had during the continuance of this agreement without the written consent, previously given, of the said party of the third part," has sufficient consideration to support it.

But the appellant contends that the agreement not to partition during the existence of the contract does not constitute a legal defense to this action commenced while it is still in force. His position being that it is in effect a contract not to sue for a limited time, and, therefore, not pleadable either in bar or abatement to this suit, within the rule asserted in *Chandler* v. *Herrick* (19 Johns. 129), and *Winans* v. *Huston* (6 Wend 471).

These cases, as well as the other leading cases both in England and this country, were carefully examined and considered by the Supreme Court of Michigan in two cases (*Robinson* v. *Godfrey*, 2 Mich. 408 ; *Morgan* v. *Butterfield*, 3 id. 615), and a contrary con-

clusion reached.    With the reasoning of the court in those cases we concur.

The judgment should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.