SARAH E. YGLESIAS

v.

JAMES H. DEWEY, RICHARD W. DEWEY and HARRIET POTTER.

[Submitted July 25th, 1900.   Decided August 18th, 1900.
Filed February 11th, 1901.]

1. An heir, by irrevocable power of attorney, delegated to two of her co-heirs the control and management of her interest in the lands belonging to the estate, authorizing them to receive the rents, and requiring them to pay to her the net income of the property to which she was entitled, less a certain sum which the deed recited they had advanced to her. The deed also expressly made a lien on her share in the estate a further advancement to her at the time of its execution, and her co-heirs then took possession thereunder.—*Held*, to make them mortgagees in possession of her share, so as to defeat her right to possession until the advancements were paid.

2. An heir cannot call for partition when co-heirs are in possession of her interest under a mortgage executed by her to them.

3. An heir, who, as a condition of a loan to her of a certain sum by two of her co-heirs, covenants not to call for partition within a certain period, unless all the other heirs agree thereto, is bound thereby.

Motion to strike out plea to a bill for partition.

The complainant is the owner of an equal undivided one-fifth part of certain real estate in Hoboken, consisting of certain houses and lots. The defendant James H. Dewey is entitled to an equal undivided one-fifth part, the defendant Richard W. Dewey is entitled to two equal undivided one-fifth parts, and the defendant Mrs. Potter is entitled to an equal undivided one-fifth part.

The allegation of the bill is that the defendants James and Richard have the possession of the premises as landlords, and have taken the rents, issues and profits for several years, and have rendered no account to complainant; that they have no authority to rent and demise the premises, and are not entitled to receive the rents and issues thereof; that the complainant is entitled to one-fifth of the rents and profits, and she prays that there may be a partition, and that the defendants James and Richard may account for the rents and profits. The bill also alleges that the share of complainant is subject to a mortgage given by her to the defendant Richard W. Dewey.

The plea sets up a deed executed by the complainant and duly acknowledged by her, and dated October 12th, 1896, which deed is in the nature of a power of attorney, by which she constitutes the defendants Richard and James her attorneys to exercise general control over all her lands and tenements in Hudson county, to ask for, demand, collect and receive the rents and arrears of rents thereon, pay taxes, insurance, assessments, repairs and other necessary expenses, and to reimburse themselves thereout the sum of $130, previously advanced by them to her, and to pay her the balance from time to time as the same shall accrue, and at the end of five years from the 1st of November, 1896, to render a final account of their receipts and disbursements, paying her any surplus that may be in their hands, less the sum of $200 then and there advanced to her, the receipt whereof was acknowledged, and in consideration of the advance of $200 she declared the power of attorney to be irrevocable until the 1st of November, 1901, and made that sum a lien and charge upon her share in the estate, and agreed that she would not file a bill for the partition of the property aforesaid within said period of five years, unless all the other heirs agreed thereto.

The plea alleges that Richard and James have received and collected the rents and profits, and paid the taxes and taken care of the property; that they have not reimbursed themselves the sum of $130 mentioned in the deed, but have paid to complainant the net balance of her share remaining after paying taxes, assessments, insurance, repairs, &c.

Yglesias *v.* Dewey.

The deed in question is set forth verbatim, and shows that it was executed by her alone. Her husband, who is living, did not join.

No question is made as to the sufficiency of the execution of this instrument by the complainant without her husband joining. The sole question raised is as to whether the plea, being taken for true, furnishes a bar to the complainant's bill for relief.

*Mr. Elijah T. Paxton,* for the complainant.

*Mr. William C. Heppenheimer,* for the defendants.

PITNEY, V. C.

In my judgment the effect of the power of attorney and the possession taken and held under it was to make the defendants mortgagees in possession of the complainant's share of the premises, and to defeat any present right of possession on her part until the repayment of the sums of $130 and $200 mentioned in the deed. The complainant, then, is neither in possession, nor is she entitled, in equity, to the immediate possession of the premises. The same result arises from the mortgage given by complainant to her brother Richard, set forth in the bill. She cannot claim possession as against it.

For these reasons, according to all the authorities, the latest expression of which is *Smith* v. *Gaines, 12 Stew. Eq. 545,* she is not entitled to call for a partition. In the cases which hold that an outstanding mortgage given by a complainant in partition was no bar to the action, the complainant was in possession. *Kline* v. *McGuckin, 9 C. E. Gr. 412.*

But, independent of the fact that the defendants are in possession of complainant's share as her mortgagees, I think that her covenant not to bring partition is a good and binding one. Under the circumstances it was quite reasonable, and it was the condition upon which the defendants advanced the loan to her. It was part and parcel of the contract. The authorities upon this topic are collected in *Freem. Co-ten. & P. (2d ed.)* § 442.

I think the facts set up in the plea furnish a complete defence to the complainant's bill, and the motion to strike out is refused.