JEANETTE ROBERTS v. GEORGE W. WALLACE and Another.[1]

March 22, 1907.

Nos. 14,891—(127).

**Right of Partition.**

    The right of partition may be waived or suspended for a limited period by agreement of the parties in interest.

**Agreement to Suspend Right.**

    By contract in this case the parties in interest suspended that right for a period of five years.

Appeal by plaintiff from an order of the district court for St. Louis county, Dibell, J., sustaining a demurrer to the complaint. Affirmed.

*W. G. Bonham,* for appellant.

*Davis & Hollister,* for respondents.

JAGGARD, J.

The respondents and defendants, owning certain lands in St. Louis county, signed a contract which recited that the defendants sold and conveyed to the plaintiff and appellant an undivided one-third interest therein for $10,000. The contract set forth, for the further consideration of one dollar, the agreemen'

> That said sum of ten thousand dollars, with interest thereon at the rate of five per cent. per annum from this date till paid, is and shall be a charge and lien upon the whole of said land and premises in favor of said party [said plaintiff] for the term of five years from date hereof and not longer, and the same shall be paid to her * * * as hereinafter set forth.

The means of payment enumerated were a sale of said land or premises, or any part thereof, the sale of iron ore therein, or of timber thereon, rents and profits accruing under any lease of the land, bonuses bargained for in exploration contracts or leases, and all royalties accruing under leases for the mining and removal of ore therein

[1] Reported in 111 N. W. 289.

or thereon. The $10,000 and interest did not become a personal claim against any of the parties, but only a charge and incumbrance on the land for the period of five years for the said sum of $10,000 and interest, if not sooner paid. The contract was dated on the 10th day of February, 1903.

An action was brought by the plaintiff afterwards, alleging the parties were owners of undivided one-third interests in the land, she had a lien or incumbrance by virtue of the contract, the cash valuation was $40,000, and the land could not be partitioned without great prejudice to the owners. The prayer was that the property be sold and a receiver appointed to apply the proceeds of sale to the payment of the incumbrance and afterwards equally between the owners. On March 14, 1906, defendants interposed a demurrer, which was sustained, with leave to the plaintiff to amend. From that order this appeal was taken.

The determination of whether or not the plaintiff is entitled to a partition depends in the first place on the construction of the contract which was attached to the complaint. The trial court held, in sustaining the demurrer, that the parties expressed an intention that no statutory action for partition should be brought within five years. Enough of the contract has been quoted to indicate such an intention. Construed as a whole, it leaves no reasonable doubt that such was the agreement. It is true, as the appellant contends, that such interpretation involves distress and leaves this cotenant in a most unfortunate position (Freeman, Co T. 420), and that the more reasonable and probable of two constructions, of which an ambiguous contract is susceptible, will be adopted. We are of the opinion, however, that this was the agreement which the parties made. They are bound by it.

The only other question in the case is whether or not a contract that the statutory action of partition should not be brought within a specified time is legal. It is clear on authority that the right of partition may be waived or suspended for a limited period by the parties in interest. Avery v. Payne, 12 Mich. 540; Coleman v. Coleman, 19 Pa. St. 100, 57 Am. Dec. 641; Brown v. Coddington, 72 Hun, 147, 25 N. Y. Supp. 649; Eberts v. Fisher, 54 Mich. 294, 20 N. W. 80; Hunt v. Wright, 47 N. H. 396, 93 Am. Dec. 451; 21 Am. & Eng. Enc.

(2d Ed.) 1158, note 3. This does not mean that the plaintiff is remedi-less. Her remedy is not, however, in law by an action for partition. It is in equity for a foreclosure of the lien.

Order affirmed.