## McINTEER *et al.* v. GILLESPIE.

No. 1292.   Opinion Filed January 9, 1912.

Rehearing Denied March 26, 1912.

(122 Pac. 184.)

1.   **APPEAL AND ERROR**—Review—Sufficiency of Evidence. Where the court overrules a demurrer to plaintiff's evidence, and thereafter both sides introduce further evidence, in considering whether the court erred in so doing, this court will consider all the evidence, and, if the same is insufficient to make out a case for plaintiff, the cause will be reversed.

2.   **PARTITION**—Estoppel. A tenant in common may enter into such a contract as will estop him from enforcing his right to a partition of the premises.

3.   **SAME**—Agreement not to Partition. An agreement not to partition certain land is implied where the purpose for which the property is acquired would be defeated by its partition.

(Syllabus by the Court.)

*Error from District Court, Garfield County;*
*Jno. F. Curran, Special Judge.*

Action by Andrew W. Gillespie against Patrick McInteer and others.   Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Parker & Simons,* for plaintiffs in error.

*John C. Moore,* for defendant in error.

TURNER, C. J.   On August 16, 1907, Andrew W. Gillespie, defendant in error, sued Patrick McInteer and Thomas Kennedy, plaintiffs in error, in the district court of Garfield county for the partition of a certain tract of 22 acres of land known as the "McInteer-Gillespie addition" to Enid.   After answer and reply thereto filed, there was trial to the court and judgment for plaintiff, and defendants bring the case here.   At the close of plaintiff's testimony, defendants demurred to the evidence, which was overruled, after which both sides introduced further and additional

evidence. When this is the state of the record, in considering whether the court erred in so doing, as we are asked to do here, this court will consider all the evidence, and if, considering it all, plaintiff has failed to make out a case, the cause will be reversed, otherwise not. *Meyer et al. v. White,* 27 Okla. 400, 112 Pac. 1005. There is no material conflict in the testimony. The evidence discloses that in April, 1907, plaintiff and defendants agreed in parol to purchase the land in question at a certain administrator's sale with a view to speculation; that pursuant thereto the same was afterwards bid in by McInteer, who paid therefor $8,500 and took a deed thereto May 20, 1907, and was reimbursed by Gillespie and Kennedy in the sum of one-third of the purchase money each; that thereafter they entered into a contract which reads:

"This contract entered into this the 5 day of July, A. D. 1907, by and between Pat McInteer, Thomas Kennedy, A. D. Gillespie, bears witness to the following facts: Whereas, the above named parties have purchased what is known as the land belonging to the Enoch Harper estate, located in University addition near the Oklahoma Christian University, and the same has been transferred by the sale of the administratrix of said Harper estate to the said Pat McInteer, it is hereby understood and agreed that each of said parties shall share equally and alike in the proceeds of the sale of said land and that the same shall remain in the name of Pat McInteer and in such name shall be platted into lots, blocks and subdivisions for town purposes, and the said Pat McInteer shall make the warranty deeds to the same as it is sold, and the proceeds of said lots to be divided equally among said parties to this contract, after the expense of the platting and sale of same have been deducted. The above tract of land referred to is more particularly described as follows: [Describing it.] In witness, etc. [Signed] Pat McInteer. Thomas Kennedy. A. W. Gillespie."

That on June 22, 1907, plaintiff caused a plat of the land to be filed in the office of the register of deeds of that county, but failed in his efforts to have the selling price of the lots fixed by agreement with defendants; that thereafter a sale was made by him of his undivided one-third interest in the property which was defeated because of the refusal of McInteer to convey, whereupon he brought this suit. The testimony further discloses that

a year and a half would be a reasonable time in which to sell the lots, as agreed, after the tract was platted and said lots put upon the market, and that the difference between what they would bring if sold pursuant to the contract and·sold for partition would be between $5,000 and $10,000. In support of their contention, defendants urge that the court erred if the contract is valid, and not so if the same is·invalid. We think so too. If the contract is valid, plaintiff must abide by its terms and cannot maintain an action for partition. In overruling defendant's motion, the court in effect held that that part of the contract wherein all parties thereto agreed upon a method of partitioning the common property, to wit, by platting and a private sale of lots and a division of the proceeds, was, for some reason, not binding upon plaintiff. We think it was. While it is not to be doubted, in the absence of contract, that tenants in common have an absolute statutory right to the partitioning of their land, it is equally clear that they may contract not to exercise that right for a reasonable time, and that such contract, when made, will be binding in the nature of a waiver or estoppel.

In *Brown, App., v. Coddington et al.,* 72 Hun, 147, 25 N. Y. Supp. 649, the syllabus says:

"An agreement made not to partition certain real property during a certain time constitutes a legal defense to an action brought during such time for its partition."

In line with this are 21 Am. & Eng. En. of Law, 1158; 30 Cyc. 187; *Martin et al. v. Martin,* 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411; *Hunt v. Wright,* 47 N. H. 396, 93 Am. Dec. 451; *Ex parte Cubbage et al. v. Franklin,* 62 Mo. 364; *Coleman v. Coleman,* 19 Pa. 100, 57 Am. Dec. 641.

The agreement may be either express or implied, and the same is implied where, as here, the purpose for which the property was acquired would be defeated by its partition. In *Eberts et al. v. Fisher et al.,* 54 Mich. 294, 20 N. W. 80, although the syllabus says, "A tenant in common may enter into such agreements as to estop himself from enforcing his right to a partition in the premises," we find that the agreement to forego partition was implied from the written contract. The court said:

"As a general rule, it is a matter of right for a tenant in common of lands to have partition. But this rule is not of universal application. A party may enter into such agreements with his cotenant as to estop him from enforcing the right of partition. This principle was recognized and applied in *Avery v. Payne,* 12 Mich. 540; and when in this case, instead of terminating the lease at the end of 20 years, the complainants and defendants, by mutual consent, obtained an appraisal of the premises, it was in effect an agreement that the premises should be held by the lessee ten years longer under the terms of the lease; and, in view of the relation of the parties to the fee and reversion, it was as plainly implied that such relations should not be interfered with by partition, without mutual consent, so long as the terms of the lease were kept and performed by the lessees."

The same was true of the contract set forth in *Roberts v. Wallace et al.,* 100 Minn. 359, 111 N. W. 289, 117 Am. St. Rep. 701. Raising the implication, the court said:

"The determination of whether or not the plaintiff is entitled to a partition depends in the first place on the construction of the contract which was attached to the complaint. The trial court held, in sustaining the demurrer, that the parties expressed an intention that no statutory action for partition should be brought within five years. Enough of the contract has been quoted to indicate such an intention. Construed as a whole, it leaves no reasonable doubt that such was the agreement. It is true, as the appellant contends, that such interpretation involves distress and leaves this cotenant in a most unfortunate position (Freeman, Co. T. 420), and that the more reasonable and probable of two constructions, of which an ambiguous contract is susceptible, will be adopted. We are of the opinion, however, that this was the agreement which the parties made. They are bound by it."

In view of which and that the property was acquired with a view to speculation, that the title thereto was taken in the name of McInteer who held the same in trust for the purpose of platting the land and selling it out in lots for the benefit of all concerned, and that the contract, in effect, so provided, we are of opinion that this method of partition, expressly agreed upon by implication, fairly excluded the statutory method sought to be enforced as effectually as if the parties in interest had expressly excluded the same by the terms of the contract, and for that rea-

son plaintiff has no right, but was estopped to enforce the same. Reversed and remanded.

All the Justices concur.