## ALVA R. HUNT v. MEEKER COUNTY ABSTRACT & LOAN COMPANY.[1]

January 15, 1915.[2]

Nos. 18,945—(160).

**Partition — agreement by cotenants.**

1. Cotenants may make any agreement they choose in respect to the use by each other of the common property, but such agreements do not constitute a partition thereof, unless they provide or contemplate that title to specific portions thereof shall vest in such cotenants in severalty.

**Same.**

2. A cotenant has the right to compel a partition of the common property, unless such right has been suspended or waived by some agreement, in respect to the property, made by himself or by one through whom he claims.

[1] Reported in 150 N. W. 798.
[2] An opinion filed April 16, 1915, will be found on page 539.

**Same.**

> 3. Such right may be suspended for a limited time by express agreement, or by acquiring the property for, or devoting it to, some purpose which will be defeated by a partition; but such right is not suspended by the existence of an interest in the property, or of a right to occupy or use it, which may continue and be given effect notwithstanding the partition.

**Same.**

> 4. Under and pursuant to a contract made at the time of the construction of the building in controversy, plaintiff is in possession of the second floor thereof and defendant of the first floor thereof. It is *held* that their respective rights of occupancy under this contract may exist after partition the same as before; and that plaintiff may compel a partition, but that such partition will be subject to such rights of occupancy.

Action in the district court for Meeker county for the cancelation of a lease and a sale of the premises. The case was tried before Qvale, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Alva R. Hunt* and *Ernest W. Campbell,* for appellant.

*R. H. Dart* and *E. D. Fitchette,* for respondent.

TAYLOR, C.

On March 30, 1885, E. P. & H. I. Peterson, then owners of lot 26 of block 59 in the village of Litchfield, of the first part, and H. S. Branham, of the second part, entered into a written agreement "for the purpose of jointly erecting" a two-story brick building on said lot, "the first story thereof to be used by the said H. S. Branham for a banking, abstract and real estate office, and the second story thereof to be used by the parties of the first part for a printing office and law office or other suitable office for business." The agreement provided that the Petersons should convey "an undivided one-half interest" in the lot to Branham for the sum of six hundred dollars to be paid by him; that "the parties hereto * * * will together cause to be erected on said lot 26 of block 59 a substantial brick building of two stories and a basement;" that "the first story thereof shall be made suitable for a bank and abstract office (except that the bank

fixtures and vault, if any, shall be constructed and paid for by said H. S. Branham alone) and the second story thereof shall be fitted up suitable for printing office and law office;" that "the expenses of constructing the same  *  *  *  shall be equally borne, to-wit, one-half by the parties of the first part and one-half by the party of the second part;" and that

"When said building is completed the same and the lot on which it stands shall be the property of the parties hereto in equal undivided shares; and the said H. S. Branham shall have the use and occupation of the first story thereof for a rental value of three hundred sixty dollars per annum, and the said first parties shall have the use and occupation of the second story thereof for a rental value of two hundred dollars per annum and after deducting taxes, insurance and necessary repairs on said building from the said annual surplus of rental of said first story the amount remaining shall be equally divided by the parties, and the basement shall be rented to the best advantage and the proceeds equally shared by the parties hereto."

The parties forthwith constructed and completed the building under and in accordance with the agreement, and Branham, at his own expense, constructed a vault of brick and steel in the basement and first story thereof. At the completion of the building the Petersons executed a warranty deed conveying to Branham

"An undivided one-half interest in and to lot number twenty-six (26) in block number fifty-nine (59) in the village of Litchfield, according to the plat thereof on file and of record in the office of the register of deeds in and for said Meeker county. Also the whole and entire book vault as the same now is in the basement and first story of the building on said lot. All subject to a contract of date March 30, 1885, by which the said second parties are to occupy the first floor of the building on said lot at a rental value of 360 dollars per year and the first parties are to occupy the second floor thereof at a rental value of 200 per year."

Branham took possession of the first story of the building, and he and those holding under him have continued in possession thereof ever since; the Petersons took possession of the second story, and they and those holding under them have continued in possession

thereof ever since. The rights in the property possessed by Branham have passed to and vested in defendant; the rights of the Petersons have passed to and vested in plaintiff. Instead of paying for taxes, insurance and repairs out of the amount by which the agreed rental for the first story exceeded that for the second story and then dividing the remainder of such excess, the occupants of the first story have always paid the full one-half of such excess to the occupants of the second story, and each party has paid his own taxes and insurance and for such repairs as he caused to be made upon that portion of the premises occupied by himself; and the parties jointly have borne the expense for repairs made to the roof or basement. The co-owners followed this course for some 20 years, but, after plaintiff acquired the Peterson interest, he insisted that defendant contribute toward repairs on the second story, and a controversy arising he brought this suit for partition. He alleged that the property could not be divided, and asked that the contract as to occupancy be cancelled, and that the property be sold and the proceeds thereof be divided between himself and defendant.

Defendant contends that plaintiff is not entitled to partition and bases such contention upon two grounds: First, that the agreement that one co-tenant should have the exclusive possession and use of one portion of the building, and that the other should have the exclusive possession and use of another portion thereof, constituted a partition of the property voluntarily made by the parties themselves; second, that, if the contract did not make a partition of the property, the right given to each party to use a particular portion thereof for the purpose and in the manner specified therein, constituted a waiver of the right to enforce partition. The trial court held that plaintiff was not entitled to partition and dismissed the suit.

It is clear that neither the contract, nor the deed made pursuant thereto, constituted a partition of the property. Each cotenant continued to hold the title to an undivided one-half of the entire premises. Neither became vested with the entire title, in severalty, to any portion thereof, and the contract did not contemplate that he should. Cotenants may make any agreement they choose in respect

to the use by each other of the common property. 17 Am. & Eng. Enc. (2d ed.) 672. But such agreements do not amount to a partition of the property, unless they provide or contemplate that title to particular portions thereof shall vest in the respective co-owners in severalty. The contract in question gave each of the parties the right to the exclusive use of a certain portion of the premises, but this division was only partial, even in respect to the right of occupancy, for the basement was not assigned to either. The contract provides: "When said building is completed the same and the lot on which it stands shall be the property of the parties hereto in equal undivided shares." By the provision for equalizing the difference in rental value between the first and second floors, and the provision for dividing the rentals to be received from the basement, the contract further recognized that each party retained his interest in the entire property. The contract cannot be given effect as constituting a partition. It did not vest either party with title in severalty to any portion of the premises.

The statute gives a cotenant the right to bring an action for a partition of the common property, or for a sale thereof if it appears that a partition is impracticable. G. S. 1913, §§ 8028, 8041. By virtue of this statute, a cotenant has the absolute right to compel a partition or sale, unless such right has been suspended or waived by some agreement in respect to the property made by himself or by one through whom he claims. It is well settled that cotenants may, by an express contract to that effect, suspend or waive, for a limited time, the right to enforce a partition. Roberts v. Wallace, 100 Minn. 359, 111 N. W. 289, 117 Am. St. 701; Yglesias v. Dewey, 60 N. J. Eq. 62, 47 Atl. 59; Coleman v. Coleman, 19 Pa. St. 100, 57 Am. Dec. 641; Coleman's Appeal, 62 Pa. St. 252; McInteer v. Gillespie, 31 Okla. 644, 122 Pac. 184, Ann. Cas. 1913E, 400. It is probable that such suspension cannot be made perpetual. Haeussler v. Missouri Iron Co. 110 Mo. 188, 19 S. W. 75, 16 L.R.A. 220, 33 Am. St. 431.

Where the property has been acquired for, or devoted to, some purpose which would be defeated by a partition made at the present time, the right of partition is suspended to the extent necessary to

avoid defeating such purpose, although there is no express stipulation to that effect. Dee v. Dee, 212 Ill. 338, 72 N. E. 429; Avery v. Payne, 12 Mich. 540; Hunt v. Wright, 47 N. H. 396, 93 Am. Dec. 451; Latshaw's Appeal, 122 Pa. St. 142, 15 Atl. 676, 9 Am. Rep. 76; Baldwin v. Humphrey, 44 N. Y. 609; Martin v. Martin, 170 Ill. 639, 48 N. E. 924, 6 Am. St. 411.

But the power to require partition is not suspended by the existence of an interest in the property, or of a right to occupy and use it, which may continue and be given effect notwithstanding the partition. If the outstanding rights in the property are such that the enjoyment thereof can be secured to the holder of such rights by making the partition subject thereto, the cotenant may enforce either a division or a sale of the property subject to such outstanding rights. In Fisher v. Dewerson, 3 Metc. (Mass.) 544, it was held that a covenant that a parcel of land should be occupied by the cotenants in common as a yard did not bar partition, as the right of occupancy, in the nature of an easement, would exist thereafter as it existed before. In Hooker v. McLeod, 70 Vt. 327, 41 Atl. 234, a bulkhead and flume, through which the joint owners drew water to operate their respective mills, was partitioned by allowing the construction of dividing walls in the flume and assigning to each his moiety thereof as so divided. In Whitney v. Kendall, 63 N. H. 200, defendant, the owner of the land, conveyed a half interest therein to plaintiff on condition that, during the life of defendant, plaintiff should not dispose of the premises, nor permit them to be occupied by any person other than plaintiff and defendant. Partition was granted, the court remarking "after partition, the condition will be as effective as before." In Hoyt v. Kimball, 49 N. H. 322, the right reserved by a grantor to enter and abate any building constructed otherwise than as provided in the deed, did not bar partition. In Hill v. Reno, 112 Ill. 154, 54 Am. Rep. 222, one cotenant was the owner of a building erected upon the land under a ground lease which did not expire for several years. The court held that the shares of the other cotenants were subject to this lease, but, as to his own share, that his rights under the lease had merged in his title; and authorized a sale of the property, the purchaser to take this

cotenant's share free from the ground lease and the other shares subject thereto.

The contract in controversy contains no provision expressly suspending the right of partition. The deed by its terms is subject to the contract, and confers no greater rights than are provided for in the contract. The recital in the deed of some of the provisions of the contract serves to identify the instrument referred to, but does not eliminate or nullify those provisions of the contract omitted from the deed. The parties are cotenants in the title, but are not cotenants in the respective rights of occupancy given them individually by the contract. Whatever may be the nature and extent of such rights, they may still subsist after a sale has been made in the partition proceeding, and no reason occurs to us why a sale may not be made subject to such rights. It follows that plaintiff may compel partition by a division of the land, if practicable, or, if a division be impracticable, by a sale thereof; but the partition must be made subject to the rights of occupancy conferred by the contract. The contract contains no express provision as to the length of time during which such rights shall continue, but they have not yet been terminated, and will remain after partition the same as before, unless terminated by agreement or in some manner provided by law. The question as to the manner in which they may be terminated is not now before the court and cannot be determined herein.

Judgment reversed.