FRED FRIESNER et al., Appellants, v. NOAH FRIESNER et al., Appellees.

PARTITION: Action For Partition—Waiver of Right. An owner of an undivided interest in land may, by his conduct, temporarily waive his right to maintain an action of partition. So held where an heir joined in a quitclaim deed to the mother for a term of years.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

APRIL 4, 1922.

ACTION in equity, to partition real estate. A demurrer to the petition was sustained. Plaintiff elected to stand upon the petition, and appeals from the judgment entered.—*Affirmed.*

*R. L. McCord,* for appellants.

*Gray & Gray,* for appellees.

STEVENS, C. J.—A. J. Friesner, a resident of Sac County, died intestate, July 10, 1916, seized of 80 acres of land, and survived by his widow and five adult and nine minor children. The widow continued to reside upon the farm until her remarriage, the exact date of which is not shown. On September 30, 1916, five adult and the five older minor children joined in a quitclaim deed, conveying their interest in the land, as heirs

at law, to their mother, Matilda Friesner, for a term of 18 years. The deed was without a monetary consideration, and recited that:

"Grantee is not permitted to incumber said land and is required to pay taxes each year before penalty attaches."

The mother, after her marriage, moved off the farm, leaving her minor children upon the land. On August 5, 1918, Matilda Hutchison, formerly Friesner, and husband conveyed her undivided interest in the land by warranty deed to Fred Friesner, plaintiff and appellant herein, together with all right, title, and interest acquired by and under the quitclaim deed above referred to. Later, Fred Friesner executed a mortgage upon his undivided interest in the land to the defendant Sac County State Bank for $5,600, due in 1921. Prior to the commencement of this action, Herbert Friesner, who was a minor at the time of his father's death, and Laura Friesner Olson, separately conveyed their undivided interest in the property by warranty deed to appellant. Not all of the above matters are recited in the petition, but counsel and the court below treated the petition the same as though they were contained therein, and the demurrer was sustained upon that theory. We shall, reluctantly however, and without approving or intending to in any way encourage the practice, dispose of the case upon the theory followed in the district court.

It is further conceded by counsel that, while the quitclaim deed to the mother was executed without a valuable consideration, it was the intention, desire, and purpose of the grantors to give the grantee the possession and use of the property during the period of the youngest child's minority. The plaintiff in his petition set forth the respective interests of the defendants, the execution of the quitclaim deed to the mother, and the conveyance by her to him, and asked that the shares of all of the parties be established, subject to the right and interest of plaintiff to occupy and use the farm the same as the mother, and that, if it could not be equitably divided among all of the parties, the share of plaintiff be set off to him in kind, and that, if a sale of the remainder were found necessary, all incumbrances be deducted therefrom. There appear to be judgments against some of the defendants.

It further appears from the statements of counsel that plaintiff, when he learned that his mother had removed from the farm, moved thereon, and is in good faith taking care of the minor children, and thereby carrying out the purpose of the grantors, of whom he was one, of their interest to the mother for a term of years. The demurrer challenges the sufficiency of the petition to state a cause of action, upon the ground principally that a partition would destroy the arrangement and provision made for the benefit of the mother and minor children, and that plaintiff, by joining in said conveyance and receiving a conveyance from the grantee thereof subject thereto, has voluntarily postponed or waived his right to have the land partitioned. The demurrer was sustained upon this theory. The right of the owner of an undivided interest in real property, having possession or the right thereto, to maintain an action in partition, is not, of course, questioned. It is also well settled by the authorities that one may, by contract, express or implied, postpone or waive the right of partition for a limited time. *Henderson v. Henderson*, 136 Iowa 564; *McInteer v. Gillespie*, 31 Okla. 644 (Ann. Cas. 1913 E, 400, and note).

It is manifest from the foregoing statement that a partition in kind of the 80-acre tract could not be equitably accomplished, and that a sale of the farm would either depreciate the value of the shares of those joining in the quitclaim deed or entirely defeat the purpose for which same was executed. Appellant took the property charged with whatever incumbrance or obligation, express or implied, was imposed by the arrangement between the grantors and their mother, to which he was a party.

We are of the opinion that the court below reached the equitable and right conclusion. We think plaintiff did waive his right to demand, at this time, partition or sale of the property. An equitable partition in kind cannot be had. The view here expressed finds support in the following cases: *Henderson v. Henderson*, supra; *Shillinglaw v. Peterson*, 184 Iowa 276; *Hunt v. Meeker County Abst. & Loan Co.*, 128 Minn. 207 (150 N. W. 798); *Roberts v. Wallace*, 100 Minn. 359 (111 N. W. 289).

The judgment of the court below is, accordingly,—*Affirmed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.