**A. O. SMITH HARVESTORE PRODUCTS, INC., a corporation, and Edwards Equipment Company, a corporation, Plaintiffs in Error,**

v.

**John GRIFFITH, Defendant in Error.**

**No. 40720.**

Supreme Court of Oklahoma.

April 25, 1967.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error, A. O. Smith Harvestore Products.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for plaintiff in error, Edwards Equipment Co.

Hardin Ballard, James H. Ballard, Purcell, for defendant in error.

LAVENDER, Justice.

This is an action for damages alleged to have resulted from the breach of an implied warranty of fitness.

The plaintiff in the trial court at all times involved was a dairy operator. The defendants, Edwards Equipment Company and A. O. Smith Harvestore Products, Inc., were the dealer and manufacturer respectively of a certain silo-type system designed for the storage of hay to be subsequently fed to cattle. The implied warranty of fitness for a particular purpose concerned the silo-type structures and the "particular purpose" concerned, apparently, the plaintiff's method of maintaining his dairy cattle in a

"dry-lot" feeding operation. After a trial to a jury, a verdict was returned in favor of plaintiff upon which judgment was entered by the trial court. The defendants have appealed to this court contending, inter alia, that the evidence was insufficient to support the judgment of the breach of an implied warranty of fitness. After careful review of the record we are inclined to agree.

The parties will be referred to by their trial court designations, or by name.

The plaintiff, testifying in his own behalf, admitted that the systems were not defective and were constructed as they were supposed to be constructed. The plaintiff testified that he prepared the alfalfa in the manner in which he was instructed to do by the defendant's agent, but that when he fed the stored material to his cattle they became ill. The plaintiff testified that no one told him he had to supplement the haylage with other food. The plaintiff's veterinarian testified that the cows were ill with ketosis, an intestinal infection resulting from the animal's body using up stored fat to replace an undersupply of carbohydrates. In other words, plaintiff's damages, if any, did not result from the use of the storage system, but from the failure on the part of the plaintiff to supplement the alfalfa haylage with other foods.

In order for the plaintiff to be entitled to recover herein the defendants would have to be found to have impliedly warranted to the plaintiff not that the system would effectively store alfalfa hay, but that hay thus stored would constitute a "complete" diet suitable for feeding dairy cattle in a "dry-lot" feeding operation. There was simply no such warranty. The evidence, on the other hand, showed that alfalfa should be supplemented. Certain pamphlets published and distributed by the manufacturer were introduced in evidence and advised that haylage fed from the system should be supplemented.

At the close of all the evidence the defendants renewed their respective demurrers and moved the court to direct a verdict in favor of the defendants and against the plaintiff. The evidence introduced by the defendants did not aid the plaintiff in establishing his cause. Where the court overrules a demurrer to plaintiff's evidence, and thereafter both sides introduced further evidence in considering whether the court erred in so doing, this court will consider all the evidence, and, if the same is insufficient to make out a case for plaintiff the cause will be reversed. McInteer et al. v. Gillespie, 31 Okl. 644, 122 P. 184.

Considering all of the evidence in the light most favorable to the plaintiff, we are of the opinion that the most that was shown thereby was that Harvestore systems do not somehow change alfalfa hay stored in them into a complete diet suitable for feeding cattle in a dry-lot feeding operation.

The foregoing makes it unnecessary to consider any of the other grounds for reversal urged by the defendants.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to enter judgment in favor of each of the defendants denying the plaintiff any recovery against either of them.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BERRY and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.

WILLIAMS and HODGES, JJ., dissent.