PANELLA vs. BOLIO, MISC 20-000045

































 
 MICHAEL PANELLA, BRIAN PANELLA, and DAVID PANELLA, TRUSTEES OF MICHAEL J. PANELLA 1992 TRUST, Plaintiffs, v. JEANNIE PANELLA BOLIO and DOUGLAS PANELLA, TRUSTEES OF VP REALTY TRUST, Defendants
 MISC 20-000045 
 FEBRUARY 12, 2021
NORFOLK, ss.
ROBERTS, J.
MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO DISMISS














 INTRODUCTION 





 This partition action was commenced on January 23, 2020 by plaintiffs Michael Panella, Brian Panella and David Panella, as Trustees of the Michael J. Panella 1992 Trust ("the Panella Trust"), against defendants Jeannie Panella Bolio and Douglas Panella, as Trustees of the VP Realty Trust ("VP Trust"), seeking to partition two parcels of land owned by the parties as tenants in common and known as 50 Central Avenue and 40 Central Avenue, Needham, Massachusetts ("the Property"). The Panella Trust derives its title from a deed dated February 1, 1996 and recorded in the Norfolk County Registry of Deeds ("the Registry") at Book 11216, Page 659 [Note 1] from Michael J. Panella to Michael J. Panella as Trustee of the Panella Trust of his undivided one-half interest in the Property as more fully described therein. The VP Trust derives its title from a deed dated June 20, 1994 and recorded in the Registry at Book 10567, Page 675 from Edward Panella a/k/a Edward B. Panella to Virginia Panella as Trustee of the VP Trust of his one-half undivided interest in the Property as more fully described therein. 





 On February 25, 2020, the VP Trust filed Defendants, Jeannie Panella Bolio And Douglas Panella, Trustees Of The VP Realty Trust's Motion To Enforce Settlement Agreement And To Dismiss The Plaintiff's Petition To Partition ("the Motion"). A hearing on that motion, originally scheduled for March 13, 2020, was delayed initially because of a conflict with plaintiff's counsel's schedule and then by the closing of the courts due to the pandemic. The Panella Trust filed its Opposition To Motion To Dismiss ("Opposition") on May 29, 2020. A case management conference was held telephonically on June 2, 2020, at which time a hearing on the Motion was scheduled for August 19, 2020. At the request of the parties, that hearing was continued. At a telephone status conference held on November 3, 2020, counsel for the parties reported that a sale of the Property had failed to close during the summer of 2020 because of a title defect affecting 40 Central Avenue. Counsel also indicated their clients' willingness to mediate this matter. 





 The parties ultimately declined to participate in mediation. Neither party took advantage of the opportunity to file supplemental briefs addressing the issues raised by the Motion. A hearing on the Motion was held by videoconference on February 9, 2021. For the reasons stated on the record and set forth below, the Motion is ALLOWED IN PART and DENIED IN PART. 





BACKGROUND [Note 2]





 The Panella Trust commenced an eviction proceeding in Dedham District Court in 2018, Docket No. 1854SU000223, to evict Pan, LLC ("Pan") from 50 Central Avenue. Motion at p. 1- 2. Pan is owned by the son of VP Trust trustee and defendant Douglas Panella. Motion at p. 2. The VP Trust did not execute the lease with Pan and did not authorize or support the summary process action brought against Pan. Id. During the course of those proceedings, the parties entered into an agreement to settle their disputes ("the Agreement"). See Motion, Exs. A, B. The Agreement was memorialized in an exchange of emails between counsel for the Panella Trust and counsel for Pan and the VP Trust. See Motion, Ex. B. When the Panella Trust subsequently sought to avoid the terms of the Agreement, Pan filed a motion to enforce it in the District Court. See Motion, Ex. [D]. 





 In a decision dated January 10, 2020, the District Court (Pomarole, J.) concluded that the terms of the Agreement set forth in emails between counsel for the parties were sufficiently complete and definite and that "the parties had an intent to be bound by those terms at the time the agreement was formed." Motion Ex. [D]. As described by the District Court, the material terms of the agreement were: "that the case would be dismissed, that [Pan] would not be responsible for back or [future] rent, that both sides would split real estate taxes; that [Pan] was to remain a tenant-at-will until the property was sold and would vacate the property when a permit was obtained and a buyer presented who was ready, willing and able to purchase property." Id. 





 The reference to a permit is from the parties' counsels' December 5, 2018 exchange of emails, in which counsel for the VP Trust stated, among the terms of the agreement, that the Panella Trust "will bear all the costs and expenses of obtaining the permit and your client will keep my client apprised of the progress and terms of such permit." Motion Ex. B. In addition, counsel for VP Trust stated that "my client would like to retain the right of first refusal or an option to buy your client out at fair market value." Id. 





 This partition proceeding was filed thirteen days after the date of the District Court's decision. 





DISCUSSION 





 In its Motion, the VP Trust contends that the Agreement is binding on the Panella Trust and that, under the terms of the Agreement, the Panella Trust "had an obligation: [t]o obtain permits from the Town of Needham to build residential units on the property at which time the property is to be sold" and "[w]hen the property was being sold, VP was given a right of first refusal to purchase the property." Motion at p. 2. The VP Trust further contends that the Agreement constitutes a contractual commitment by the parties not to assert a right of partition, such that this action must be dismissed. Motion at p. 3. In response, the Panella Trust claims that the Motion should be denied either because the VP Trust, not being a party to the Agreement, cannot enforce it or because the Agreement does not preclude the Panella Trust from bringing this partition action. Opposition at p. 1. For the reasons set forth below, the court concludes that the VP Trust is a party to the Agreement, but that the Agreement did not constitute a waiver of the parties' right to partition and did not give the VP Trust a right of first refusal with respect to the Property. [Note 3] 





 G. L. c. 241, § 1, provides that "[a]ny person . . . owning a present undivided legal estate in land  shall be entitled to have partition in the manner hereinafter provided." This statute has been interpreted as granting a tenant in common "an absolute right to partition." Hershman Tcherepnin v. Tcherepnin, 452 Mass. 77 , 92 (2008). "Pursuant to the absolute right to partition, each cotenant is potentially vulnerable to being divested of his possessory interest in the property if another cotenant seeks partition and a physical division of the property is inconvenient or nonadvantageous." Id. 





 The right to partition can, however, be waived: "A party may waive the statutory right to partition." Pacelli v. Pacelli, 2018 Mass. App. Unpub. LEXIS 615 *9, citing Roberts v. Jones, 307 Mass. 504 , 506 (1940). In full, the Roberts court stated: 





 We assume in favor of the respondent and in accordance with the great weight of authority that a tenant in common may bind himself by agreement from asserting any right to partition, and that such an agreement if extending for only a reasonable time is not contrary to public policy and operates by way of waiver or estoppel to prevent the maintenance of partition proceedings. Smith v. Brasseale, 213 Ala. 387, 105 So. 199. Rayhol Co. v. Holland, 110 Conn. 516, 148 A. 358. Hardin v. Wolf, 318 Ill. 48, 148 N.E. 868. Friesner v. Friesner, 193 Iowa 576, 187 N.W. 437. Avery v. Payne, 12 Mich. 540. Springer v. Bradley, 188 S.W. 175 (Mo.). Roberts v. Wallace, 100 Minn. 359. 111 N.W. 289. Hunt v. Wright, 47 N.H. 396. Spaulding v. Woodward, 53 N.H. 573. Yglesias v. Dewey, 15 Dick. (N.J.) 62. Brown v. Coddington, 72 Hun 147, 25 N.Y.S. 649. Smith v. Smith, 214 A.D. 383, 212 N.Y.S. 196. Etnier v. Pascoe, 275 Pa. 308, 119 A. 406. Peck v. Cardwell, 2 Beav. 137. LaCoste v. Duchesnay, [1924] A.C. 166. Freeman (2d ed.) Cotenancy & Partition, § 442. Tiffany (2d ed.) Real Property, §474. 





Id.





 In some cases, the waiver is express, as in Rocco v. Martignetti, 2014 Mass. LCR LEXIS 29 (2014) (Scheier, J.), where the agreement provided "nor shall any party to this AGREEMENT bring a petition for partition of this real estate." 2014 Mass. LCR LEXIS 29 at *4. In others, it is implied, as in Hershman-Tcherepnin, supra, where the court interpreted language in a will granting a wife the "right to remain" in the family home in addition to granting a tenancy in common with the testator's four children from a prior marriage as a restraint on the children's right to partition, 452 Mass. at 91-92; or in Roberts, supra, where the tenants in common entered into an agreement creating a complicated right-of-first-refusal between them that the court assumed included a waiver of the right to partition, 307 Mass. at 506; or in Pacelli, where the court held that "[t]he agreement, in requiring unanimity to sell the property, also prohibits partition by sale even though the agreement does not expressly prohibit 

partition." 2018 Mass. App. Unpub. LEXIS at *9. 





 In a decision cited approvingly by the Appeals Court in Pacelli, Raisch v. Schuster, 47 Ohio App. 2d 98, 99 (1975), that court held that "a covenant not to partition will be implied where an action in partition would nullify the efficacy of any underlying agreement." Although not expressly stated, Massachusetts decisions appear to be in conformity with that principle. 





 Addressing the Panella Trust's arguments first, this court disagrees that the VP Trust is not a party to the Agreement and is therefore not able to enforce it. This very point was addressed by counsel in their December 5, 2018 email exchange: in confirming their understanding of the terms agreed to by the parties, counsel for the Panella Trust stated "[b]roadly speaking, that sounds accurate, provided by your client you are referring to both Pan, LLC and the VP Realty Trust." Motion Ex. B. Counsel for the VP Trust responded by stating "I agree all of the parties who own the real estate should be listed on the Settlement Agreement." Id. 





 The Panella Trust's argument that the Agreement does not preclude this partition proceeding stands on firmer footings. The Agreement does not expressly address a waiver of the right to partition. And, far from precluding a sale of the jointly owned real estate, the Agreement contemplates doing exactly that, and provides the terms to govern the relations of the parties until a buyer is found. The right to partition does not nullify the parties' Agreement, but instead provides a vehicle for reaching that result. Accordingly, the court agrees with the Panella Trust that the Agreement did not result in a waiver of the parties' right to partition. 





 The court also does not agree that the Agreement contains a right of first refusal for the benefit of the VP Trust. In the email exchange, the VP Trust's counsel "confirm[ed] the important and material term[s] of the settlement reached between the parties" as statements of fact (e.g., "[t]he eviction proceeding will be dismissed," "my client will not be responsible for back rent or rent going forward"). Motion Ex. B. The language regarding the right of first refusal was notably different: "my client would like to retain the right of first refusal or an option to buy your client out at fair market value." Id. Nothing in the record indicates that this proposal was accepted by the Panella Trust and it did not find its way on to the list of material terms of the Agreement recognized by the District Court. Motion Ex. [D]. 





CONCLUSION 





 The Motion is ALLOWED IN PART and DENIED IN PART. It is allowed insofar as the VP Trust seeks to enforce its terms, as recognized herein, as against the Panella Trust. It is denied insofar as it seeks the dismissal this action, the court having concluded that the Agreement did not constitute, expressly or by implication, a waiver of the parties' right to partition the Property. As a result of that conclusion, the court will not dismiss this action and will appoint a commissioner. However, that appointment will not be made until all parties in interest (in particular, the owners of any outstanding interests in 40 Central Avenue) are joined and the remaining issue of contract interpretationwhether the Panella Trust must obtain permitsis resolved. If the parties agree, because it is not contemplated by the Agreement, the commissioner will be instructed to consider whether the property at issue here can be advantageously divided. If not, the commissioner will be instructed to proceed with the marketing and sale of the property, the Agreement providing the terms under which relations between the parties and Pan will continue until a sale. 





SO ORDERED. 





FOOTNOTES
[Note 1] The court takes judicial notice of this and other Registry records described in this memorandum of decision and order. See Mass. G. Evid. § 201. The court also notes that counsel for the parties indicated that, perhaps as a result of a scrivener's error, the deed in to the Panella Trust may not have been effective to convey 40 Central Avenue. That issue will be the subject of further discusssion at a hearing on March 16, 2021. 

[Note 2] At the hearing on the Motion, counsel agreed to the authenticity of the exhibits attached to the Motion and to the statements of fact contained in the Motion, except insofar as the Motion described the current state of the title to 40 Central Avenue. The statements set forth below are derived from those sources. 

[Note 3] The issue of whether the Agreement obligated, or merely authorized, the Panella Trust to obtain a special permit remains open. At the February 9, 2021 hearing, the court permitted the VP Trust to file a supplemental brief on the issue of whether the language of the Agreement is ambiguous on this point, potentially opening the door to extrinsic evidence, by March 11, 2021. The Panella Trust will be entitled to file a response thereto. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.