ALMOR STERN ET AL., Appellees, v. GEORGE W. SELLECK ET AL., Defendants and Appellees, J. L. GRIFFIN AND M. P. GRIFFIN, Defendants and Appellants, ELBERT E. ADAMS ET AL., Defendants and Appellees.

**Tenants in common:** ADVERSE POSSESSION. The statute of limitations will not commence to run as between co-tenants until there has been an ouster and an adverse possession in fact;

and while a deed by one co-tenant conveying the entire property will ordinarily amount to an ouster, the statute will not operate in favor of a non-resident grantee until after his actual possession.

**Former adjudication.** A decree in an action brought by a father
2   to set aside a conveyance of land owned by himself and wife to his son, on the ground of fraud, is not an adjudication in an action by the heirs of the deceased wife to partition the premises.

**Partition:** LACHES. Laches will not avail as a defense to an
3   action in partition, where there was no obligation to sooner institute the proceeding because of the non-residence of the real parties in interest; nor so long as the premises are occupied under a reserved life estate.

*Appeal from Harrison District Court.*— HON. W. R. GREEN, Judge.

TUESDAY, APRIL 9, 1907.

REHEARING DENIED TUESDAY, NOVEMBER 19, 1907.

ACTION for the partition of two hundred acres of land. The trial court found that various of the plaintiffs and defendants held interests in the land, that it could not be equitably divided, and referees were appointed to make sale and divide the proceeds among the heirs of Elvira Griffin, deceased. Defendants J. L. and M. P. Griffin appeal.— *Affirmed.*

*Cochran & Egan* and *Charles R. Bolter,* for appellants.

*C. A. Bolter* and *Roadifer & Arthur,* for appellees.

DEEMER, J.— Phillip P. Griffin and his wife, Elvira, owned and resided upon one hundred and eighty acres of land in Benton county, Indiana, and at the same time their son Lysander Griffin owned the two hundred acres of land in Harrison county now in controversy between these parties. A trade was negotiated in September of the year 1888,

whereby Lysander Griffin and his wife conveyed the Harrison county land to Phillp P. and Elvira Griffin, and he (Lysander) received a deed for the Indiana land.   On August 1, 1890, Elvira Griffin died intestate, leaving surviving her husband, Phillip, and the following children, to-wit, Lysander, Jacob L., and Marshall P. Griffin, Elizabeth Fox and Mary Adams.   No administration was ever had upon the estate of Elvira Griffin, and she had not parted with her title to the land in controversy at the time of her death.   Subsequent to the death of Elvira, her daughter Mary Adams died, leaving surviving as her only heir, William P. Slagle, one of the plaintiffs herein, and her husband, Elbert E. Adams, who theretofore conveyed his interest to the son, William P. Slagle.   Lysander M. Griffin, Elizabeth Fox, and William P. Slagle each conveyed an undivided one-half of their interest in and to the lands to Almor Stern, one of the plaintiffs herein.   On April 12, 1891, Phillip P. Griffin, then a widower, and at all times a resident of Indiana, attempted to deed the land in controversy, with other property which he had acquired in this State, to his two sons, Jacob L. and Marshall P. Griffin, reserving to himself a life estate in the land, and, as part consideration, the grantees agreed to pay the grantor's funeral expenses; and upon April 21, 1902, Phillip P. and his then wife, Lucinda Griffin, made to his two sons just mentioned a quitclaim deed to the land in controversy.   On February 23, 1903, these two sons attempted to convey title in the entire land to C. J. Osler, and to themselves took a mortgage thereon to secure the sum of $12,300, which mortgage is still outstanding, to secure the balance due, to-wit, $4,300.   April 4, 1904, Osler conveyed the land to George W. Selleck, one of the defendants herein; the grantee agreeing to pay the outstanding mortgage upon the land.   Phillip P., Jacob L., and Marshall P. Griffin have at all times material to our inquiry been non-residents of the State of Iowa.   This action was brought to partition the lands between the owners

of the title thereto.   The trial court found that Amor Stern owned an undivided three-thirtieths of the land, Lysander Griffin one-thirtieth, Elizabeth Fox one-thirtieth, William P. Slagle one-thirtieth, and George W. Selleck twenty-four-thirtieths; that the mortgages upon the land were not liens upon plaintiffs' interest; and that the deed from Phillip P. to J. L. Griffin and M. P. Griffin, from them to Osler, and from Osler to Selleck, did not convey anything but their interest in the lands.   Damages were also allowed Osler and Selleck on account of failure of title in J. L. and M. P. Griffin, and to this amount the notes and mortgages held by them were cancelled.   M. P. and J. L. Griffin appeal from these findings.

It is manifest that these defendants did not acquire the record title to the undivided one-half interest owned by Elvira Griffin at the time of her decease.   That passed to her husband and heirs at law, as she left no will.   Appellants contend, however, that they acquired title to the whole of the land by adverse possession, and that plaintiffs and their co-defendants are estopped by a former adjudication, and by reason of the facts, from questioning their title, and that plaintiffs, by reason of delay and laches in asserting their title, cannot question defendants' title.   The former adjudication is claimed as a result of litigation between Phillip P. Griffin, on the one side, and J. L. and M. P. Griffin, on the other, in the courts of Indiana, wherein Phillip attempted to set aside the deed made to his sons, because of fraud in the transaction between them.   That case went to a decree against Phillip P. Griffin.   None of the parties to this litigation were parties to that, save as heretofore stated.

Appellants concede that their father and mother were tenants in common of the land; that, when their mother died, all the heirs became tenants in common with each other and with their father; but they say that as their father, in April of the year 1891, made them a deed purporting to convey

the entire property, which deed was recorded in Harrison county, Iowa, June 5, 1891, this amounted to an ouster and eviction of Elvira Griffin and of all persons claiming by, through, or under her; and that they (appellants) hold perfect title to the land by adverse possession. It appears from the record that the deed from Lysander M. Griffin to his father and mother was sent to Phillip P., who, it appears, could neither read nor write, and was kept by him until the commencement of this action. It was recorded in Harrison county, Iowa, about October 1, 1888. It seems that Phillip P. Griffin leased the land and collected the rents therefrom from the time he received his deed down to the time he conveyed it to his sons, and that they thereafter leased it, paid taxes thereon, and made some improvements, before selling to Osler. None of the other heirs made any claims to the land during these years.

I. Before the statute of limitations will commence to run as between co-tenants, there must be an ouster, and there must in fact be adverse possession. Ordinarily, the

1. TENANTS IN COMMON: adverse possession. making of a deed by one co-tenant purporting to convey the entire title will amount to an ouster. *Kinney v. Slatterly,* 51 Iowa, 353; *Marray v. Quigley,* 119 Iowa, 7. But, although there be a technical ouster, this is not alone sufficient to start the statute running. By section 3451 of the Code, it is provided that the time during which a defendant is a non-resident of the State shall not be included in computing any of the periods of limitation above described. These periods relate to actions to recover real property. See paragraph 7 of section 3447. That this statute applies to such an action as this, see *Heaton v. Fryberger,* 38 Iowa, 185; *Applegate v. Applegate,* 107 Iowa, 312. The fact that defendants were in possession by tenants does not change this rule. See the *Heaton* case, *supra.* It is quite generally held that a conveyance alone, without possession taken under it, can never amount to an ouster. *Harmon v. Hannah,* 9 Grat.

(Va.) 152; *Leach v. Beattie,* 33 Vt. 198. The statute did not begin to run until there was some one in this State against whom action might be brought. This was when the Griffins sold the land to Osler, in February of the year 1903. The action was brought in December of the year 1904.

II. The suit in Indiana between Phillip P. Griffin and his sons, the appellants herein, is no bar to plaintiffs' action. Plaintiffs were not in privity to Phillip Griffin,

2. FORMER AD-JUDICATION. and, if they were, the decree therein was not an adjudication that either plaintiffs or Phillip Griffin had no interest in the land as heirs of Elvira Griffin. That action was to set aside the conveyance upon the ground of fraud, and no other issue was tried or determined. This proposition is too clear for argument.

III. As to the defense of laches: Ordinarily one tenant in common has no right of action against another for possession, for the plain reason that one has as much right

3. PARTITION: laches. thereto as another, and delay in bringing an ordinary partition suit is no bar. As we have seen, there was no actual ouster here until Osler entered into possession under his deed in 1903. Plaintiffs were not compelled to bring their action until that date; for the statute of limitations did not begin to run until that time. They might have brought action for partition at any time, but they were not compelled to do so. So long as defendants Griffin remained non-residents, although in possession by tenants, plaintiffs were not obliged to bring suit. They might, perhaps, have brought action of ejectment against appellants' tenants, under the facts disclosed, but they were not obliged to do so, and, as said in *Heaton's* case, *supra:* " The language of the statute is general, and applies to all cases of nonresidence, and it is manifest that in many cases full damages could not be received against a tenant, and that plaintiff could only obtain adequate relief in an action against the person claiming the adverse possession." While action might have been brought against the tenant, and

there might have been partition, plaintiffs were not required to adopt either remedy, so long as the real defendants were nonresidents. This being true, there is no room for the doctrine of laches. See *Zunkle v. Colson,* 109 Iowa, 695.

Moreover, it appears that the father reserved a life estate in the land until about two years before this action was commenced, and the possession of the tenants was presumably referable to that possession; there being nothing of record to indicate any other claim. So long as he was in possession even under his reserved life estate, no action would lie against him or his tenants, for he was entitled to the possession as a tenant in common with his children. In no view of the case was there such laches as bars the action. See, as further sustaining our conclusions, *Weaver v. Carpenter,* 42 Iowa, 343; *Lutz v. Kelly,* 47 Iowa, 307.

· The decree of the district court is manifestly correct, and it is *affirmed.*