A. C. HENDERSON ET AL., Appellants, v. SARAH E. HENDERSON ET AL., Appellees.

Contracts: SIGNATURE: MUTUALITY. The validity of a contract is
1    not always dependent upon signature of the parties; if accepted and acted upon there is a mutuality which renders it binding without signature.

Contract between heirs: USE OF REAL ESTATE: ABANDONMENT. Where
2    the children of an intestate enter into a contract with the widow

giving her the use of certain real estate of her deceased husband during widowhood, one of such children in possession of the land as a tenant cannot question her right under the contract; and the fact that she leased the premises will not constitute an abandonment of the agreement in the absence of a provision to that effect.

**Partition.** As a general rule the right to maintain an action in partition is dependent upon the ownership of some part of the property and the right to immediate possession; and under this rule the children of a deceased, who, by contract have conveyed to the widow their right to certain real estate of deceased, during her widowhood, cannot maintain a partition suit involving the same property as against her.

*Appeal from Harrison District Court.*— HON. A. B. THORNELL, Judge.

SATURDAY, DECEMBER 14, 1907.

SUIT for the partition of certain lands in Harrison county. Trial to the court, decree dismissing plaintiffs' petition, and they appeal. *Affirmed.*

*Cochran & Egan,* for appellants.

*Roadifer & Arthur* and *C. A. Bolter,* for appellees.

DEEMER, J.— One A. P. Henderson, now deceased, was the owner of the land in controversy. He died intestate June 7, 1904, leaving his widow, Sarah E. Henderson, and three children, A. C. and Eula Henderson, and Viola R. Kirk, surviving. Shortly after his death, the parties whose names appear to be attached entered into the following agreement: " This contract made this 10th day of June, 1904, by and between Arthur C. Henderson and Nellie L. Henderson, his wife, and Viola Kirk and Fred O. Kirk, her husband: In consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, we hereby grant and set over to Sarah E. Henderson, so long as the said Sarah- E. Henderson is the widow of the late

A. P. Henderson, the right to use the following described property, to-wit: the W. ½ of the N. W. ¼ and the N. W. ¼ of the S. W.¼ of section 29, 79–42 free of any charge or rent. Said Sarah E. Henderson is to pay the taxes on said land and keep the property in good repair as long as this contract is in force. Logan, Iowa, June 11, 1904. A. C. Henderson. Nellie L. Henderson. Viola R. Kirk. Fred O. Kirk." This contract was delivered to the widow, Sarah E. Henderson, and she placed the same of record. Immediately she entered into possession of the land described in the agreement, and ever since, either in person or by tenants, has held possession thereof. Eula Henderson is a minor living with her mother, and the mother is her guardian. A. C. Henderson and Viola Kirk were and are adults, and have homes of their own; A. C. Henderson being a tenant of the widow upon the land in controversy.

But for the agreement we have set out, it is conceded that plaintiffs would be entitled to a decree of partition, but that is pleaded as a bar to the action. Plaintiffs say, however, that the agreement is void because

1. CONTRACTS: signature: mutuality.

canceled by mutual consent, because without consideration, and for the further reason that the widow has abandoned the premises, having removed therefrom to the town of Logan. They also insist that in no event is the agreement a bar to their action. The agreement was not signed by the widow, nor by the minor child; but it was not necessary that it be signed by either, if it in fact became binding upon plaintiffs. Signature is not always essential to the binding force of an agreement. If accepted and acted upon by the parties as a binding engagement, mutuality appears without formal signature. This is elementary. Nor was it necessary that the contract be signed by the minor heir. Such signature, even if it had been appended, would not have been binding, and without it the agreement may be enforced against those entering into it. The contract recites a consideration, and, even if

it did not, it conveyed a right to the widow which has been accepted and acted upon by her, and this is sufficient. Whether or not this amounted to a waiver by her of any other right to or interest in the land we need not now determine. Even were there no other consideration than love and affection, and doubtless were there no consideration at all, the transaction amounted to an executed gift or conveyance and was not subject to revocation after acceptance.

About two months after the making of the contract, the widow concluded to remove to the town of Logan, that she might the better educate her minor child, Eula, and pursuant to this plan she rented the land to plaintiff A. C. Henderson, for the term of two years, and thereafter extended the lease to March 1, 1907, and at the time of trial this plaintiff was in possession of the land under this lease. It is claimed that this constituted an abandonment of the land by the widow, and that this abandonment canceled and annulled the agreement. Surely the plaintiff A. C. Henderson, who held possession under this agreement as a tenant of his mother, is in no position to challenge her rights under the contract. But aside from this there is nothing in the contract requiring the widow to remain in personal possession of the land. She was given the right to use the land free from any charge or rent, except to pay taxes and keep the property in good repair, and there is no condition requiring her personal use and occupancy. That she rented it to one of the plaintiffs, and moved to town that she might educate her child, indicates no intention upon her part to abrogate the instrument. The agreement was valid and has not been abrogated.

*2. CONTRACT BETWEEN HEIRS: use of real estate: abandonment.*

This being true, the remaining question is: Is it a defense to plaintiff's action for partition? This question must be answered in the affirmative. The general rule is that only those who are entitled to immediate possession, in

virtue of their ownership of some part of the property,
may maintain a partition suit. Freeman
on Co-Tenancy (2d Ed.) sections 440,
441. If partition were now granted, defendant Sarah
E. Henderson would be deprived of the right given
her by the contract, and upon the strength of which she has
expended money and so changed her affairs that she can-
not be placed in *statu quo*. It is quite clear that partition
in kind could not be made of the land in controversy, and,
if sale thereof were permitted, it would destroy the agree-
ment quoted. Having made a solemn engagement that the
widow use the land for life or during widowhood, plaintiffs
should not be permitted by an action of partition to abro-
gate their agreement. This conclusion finds support in
*Smith v. Runnels,* 97 Iowa, 55; *Clark v. Richardson,* 32
Iowa, 399; *Hanson v. Ingwaldson,* 77 Minn. 533 (80 N.
W. 702, 77 Am. St. Rep. 692); *Morse v. Stockman,* 65
Wis. 36 (26 N. W. 176).

3. PARTITION.

But appellants contend that the widow holds nothing
but a life lease, and that the value of this can be ascertained
and her rights thereunder protected in the decree for parti-
tion. If the widow's rights were nothing more than an in-
cumbrance, plaintiffs' contention, aside from the fact that
one of them is estopped from questioning the widow's claim,
might be sustained, although, as a general rule, no one
but a party entitled to the present possession of his share
in severalty may maintain an action for partition. But
where, as here, there is a valid lease of the entire premises,
and the lessee is in possession, as a general rule, an action
of partition cannot be maintained by one of two or more
tenants in common. *Brownell v. Brownell,* 19 Wend. (N.
Y.) 367; *Sullivan v. Sullivan,* 66 N. Y. 37. *Contra,* see
*Willard v. Willard,* 145 U. S. 116 (12 Sup. Ct. 818, 36
L. Ed. 644); *Oliver v. Lansing,* 50 Neb. 828 (70 N. W.
369.) Whatever the true rule may be in this connection,
no decree can be granted which will interfere with the

lessee's right of possession, and if partition be granted it must be subject to the rights of the lessee. Moreover, parties otherwise entitled to partition may, by agreement, express or implied, bar themselves of such right. *Hill v. Reno,* 112 Ill. 154 (54 Am. Rep. 222); *Baldwin v. Humphrey,* 44 N. Y. 609; Latshaw's Appeal, 122 Pa. 142 (15 Atl. 676, 9 Am. St. Rep. 76).

The effect of the agreement before us was to give the widow the use of the entire lands left by her husband during her life or widowhood, and in effect not to seek partition thereof during that time. To permit such an action at this time would nullify this agreement, and should not be tolerated. Plaintiffs can claim nothing through defendant's possession. She has that in virtue of the contract quoted, and should not be disturbed therein through a partition suit or otherwise. As further sustaining our conclusions, see *Stern v. Selleck,* 136 Iowa, 291; *Nicholson v. Caress,* 59 Ind. 39; *Cannon v. Lomax,* 29 S. C. 369 (7 S. E. 529, 1 L. R. A. 637, 13 Am. St. Rep. 739); *Whitten v. Whitten,* 36 N. H. 326; *Nichols v. Nichols,* 28 Vt. 230 (67 Am. Dec. 699).

The decree is right, and it is *affirmed.*