JOHN W. BAUBY ET AL. v. ADELE J. BAUBY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 15796
AT WATERBURY

Memorandum filed November 6, 1946.

*Edward Mascolo* and *Walter W. Smyth,* of Waterbury, for the Plaintiffs.

*William B. Fitzgerald, John F. McLinden* and *Francis J. Summa,* of Waterbury, for the Defendants.

TROLAND, J. All of the parties to this action hold their title to the lands in question as beneficiaries under the will of Peter Bauby, late of Waterbury, deceased. The defendant, Mary Bauby Buckley, as trustee under said will for Eleanor

Bauby Leahy and Peter Bauby, holds 17.4 per cent of an un-divided one-half interest in the land described in the first count of the complaint and 17.4 per cent of the five tracts described in the second count.

The defendants, Mary Bauby Buckley, Mildred O. Bauby, Leo Bauby and Mary Bauby Buckley, trustee for Eleanor Bauby Leahy and Peter Bauby, have filed special defenses to the prayer for partition or sale, alleging that the interest of the said defendant trustee is under the will of Peter Bauby, setting forth the provisions of the will establishing the trust, and alleging that partition or sale of the property referred to would involve the violation of a valid trust and defeat of its purpose. The defenses to the complaint are not specific as to how or in what manner the trust would be violated or defeated.

The defenses are demurred to on the ground that it does not appear that the entire property sought to be partioned is subject to the trust, but only an undivided one-sixth portion thereof; that under the will set out the trustees appear to have the right to sell the principal of the trust and re-invest the proceeds; and that it does not appear that the provisions of the will of Peter Bauby in any manner prohibit or restrict the partition or sale of the property or that such sale or partition will violate the trust.

The grounds of demurrer serve to point out weaknesses in the defenses demurred to. They do not however demonstrate that the defenses pleaded are insufficient. Under the special defenses the defendants may be able to prove that the partition or sale of the lands in question would involve the violation of a valid trust or the defeat of its purposes. This question, it is believed, should not be determined on demurrer but rather after a full hearing on the facts which may be proved. This seems especially true in an action for partition or sale, where the judgment should state that in the opinion of the court the action directed, if a sale, "will better promote the interests of the owners." General Statutes, § 5927.

This demurrer is overruled.

The remaining defendants, Adele J. Bauby et al., filed a separate special defense to the first count of the complaint with substantially the same allegations as that filed by Mary Bauby Buckley et al., and this defense is attacked by similar demurrer. These defendants plead the existence of the trust interest held

by Mary Bauby Buckley, trustee. This fact standing alone is not a sufficient defense to an action for partition or sale. It is only when partition, if granted, would involve the violation of a valid trust or the defeat of its purposes that it will be denied.

However, because the interests of all defendants will be affected by the judgment to be entered, which will necessarily involve the determination of the question of violation of a valid trust or defeat of its purposes, this demurrer is also overruled.