ROBERT R. LOVEJOY *v.* RACHAEL M. LOVEJOY

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 36186

Memorandum filed July 10, 1969

*Suisman, Shapiro, Wool, Brennan & Gray,* of New London, for the plaintiff.

*Dupont, Pavetti & Dupont,* of New London, for the defendant.

FITZGERALD, J. The within action is one in which the plaintiff is seeking a partition of certain real estate, described in the complaint and located in Montville, Connecticut, alleged to be in the possession of both parties as joint tenants. The relief sought is partition by division or partition by sale. Both kinds of relief are authorized by statute, and the power to grant one or the other is conferred upon those of our courts which have equitable jurisdiction. General Statutes §§ 52-495, 52-500; *Gaer Bros., Inc.* v. *Mott,* 147 Conn. 411, 414; *Klaus* v. *Klaus,* 143 Conn. 218, 221; *Johnson* v. *Olmsted,* 49 Conn. 509, 517; *Connor* v. *Connor,* 25 Conn. Sup. 119, 122.

For answer, the defendant denies those allegations of the complaint which assert that the parties are in possession of the real estate as joint tenants and that the defendant has an estate in fee in one undivided half part; the remaining allegations of the complaint are admitted. In addition, the defendant has interposed two special defenses. The first of such defenses is to the effect that in a pending action in this court the defendant herein is party plaintiff and the plaintiff herein is party defendant, and that *"pendente lite* orders have been entered therein predicated upon the fact that the premises described in the complaint . . . are, until further order of this Court, exclusively in the possession of the defendant [wife herein] and her children, provided that she pays the mortgage payments there-

on." The second defense is to the effect that the parties hereto, husband and wife, are separated, and by agreement the defendant wife herein with the children of the marriage are in possession of the premises "pending the entry of a final judgment" in the divorce action or "other decree of the Court therein."

The gist of the plaintiff's demurrer to the interposed special defenses as on file is that they give rise to matters not legally sufficient to constitute a bar to a statutory action for partition.

"While an action for divorce is a creature of statute, it is essentially equitable in its nature." *Krasnow* v. *Krasnow,* 140 Conn. 254, 261, citing *German* v. *German,* 122 Conn. 155, 161. And the same is true of an action for partition; see earlier references. To the same effect as *Krasnow* is the later case of *Lee* v. *Lee,* 145 Conn. 355, 359. Here, the earlier divorce action was instituted by the wife before the husband instituted the within action for partition. And it is a truism in the law that a demurrer admits facts well pleaded.

The subject matter of the defendant wife's two special defenses is deemed to withstand the thrust of the demurrer thereto of the plaintiff husband. And this is so notwithstanding the broad opening language of our Supreme Court in its opinion in *Johnson* v. *Olmsted,* 49 Conn. 509, 517, relied upon by the plaintiff in support of his position: "No person can be compelled to remain the owner with another of real estate, not even if he become such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised."

The opinion in *Johnson* was written in the tranquil days of 1882 when a marriage rarely resulted in

a divorce, and if it did, both parties bore a stigma. But that apart, and beyond all question, the membership of our Supreme Court in 1882, in subscribing to the opening language in the opinion in *Johnson,* in all probability could not bring themselves to envision that nearly a hundred years later a husband would resort to their language as justification in removing the roof over the heads of his children and their mother in the course of a divorce action still in the pending stage, even though the wife and mother was the moving party in that action. There still remains a vestige of chivalry in the closing and tumultuous years of the twentieth century that has not been completely destroyed by materialistic and selfish considerations.

The demurrer of the plaintiff husband to the special defenses pleaded by the defendant wife is required to be, and is, overruled in law, in equity, and in chivalry.