ROSABELLE S. BROWN *v.* HARRISON T. BROWN

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 37852

Memorandum filed November 18, 1970

*Earl I. Williams,* of New Haven, for the plaintiff.

*Suisman, Shapiro, Wool, Brennan & Gray,* of New London, for the defendant.

SHEA, J.  In this partition action brought by the plaintiff wife, the defendant husband has admitted all of the allegations of the complaint but has pleaded two special defenses which are the subject of this motion to expunge. The first special defense recites the pendency of a divorce action in this court between the same parties, in which action each has moved to require the other to vacate the premises, these motions being still unresolved. The second special defense alleges the entry of an order consolidating both cases for trial before a referee. Each special defense seeks a stay of this partition action until the motion to vacate and/or the divorce suit itself is decided.

A defense requiring a special plea should set forth facts consistent with the complaint but showing, notwithstanding, that the plaintiff has no cause of action.  Practice Book § 120.  The special defenses in this case do not comply with this rule. The facts recited and the claims for relief contained therein appear to constitute an application or motion for stay of proceedings until the divorce suit has been determined. The court has power to grant such relief and, under the circumstances

recited, would be inclined to do so, unless the order of consolidation has already achieved this result. *Phillips* v. *Moeller,* 147 Conn. 482, 491; *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 116; *Palo* v. *Rogers,* 116 Conn. 601, 608.

The case of *Lovejoy* v. *Lovejoy,* 28 Conn. Sup. 230, overruling a demurrer to special defenses similar to one of those interposed here, may be distinguished from this case. The ground of the demurrer considered there, to which the court was necessarily limited, was that the matters raised were not legally sufficient to constitute a bar to the statutory action of partition. No question was raised as to the propriety of a special plea rather than a motion to stay proceedings.

Since the matters relied upon in the special defenses should have been raised by a motion to stay proceedings, the special defenses are "improperly filed" and are subject to the motion to expunge. Practice Book § 100.

The motion to expunge is granted.