J. Raymond Amyot, J.
On November 9, 1965, while the parties were married to each other, they acquired as tenants by the entirety certain real property which became and remained their marital domicile until the marriage was dissolved by divorce on May 8, 1975.
Prior to the divorce the parties entered into a separation agreement dated March 22, 1974 which provided among other things that the wife was to have the sole and exclusive right to possession of the marital residence until the children of the marriage attained the age of 21 years or sooner became emancipated, after which the wife must vacate the premises which are then to be sold and the net proceeds divided between the husband and wife. That contract of separation also provided that in any matrimonial decree thereafter obtained by either party the provisions of the agreement "may” be incorporated in, but are to survive and shall not merge with the final decree.
There are four children of the marriage and the youngest is now only seven years old.
The husband brings this action for partition of the subject real property and the wife moves to dismiss under CPLR 3211 (subd [a], par 1) on the ground that the separation agreement is a complete defense.
The divorce converted the tenancy by the entirety to a tenancy in common (Stelz v Shreck, 128 NY 263) which lends itself to an action for partition. (Real Property Actions and Proceedings Law, § 901, subd 1.) It is basic, however, that if partition would violate an agreement between the tenants, it may not be granted. (Chew v Sheldon, 214 NY 344, 349; Buschmann v McDermott, 154 App Div 515.)
Although in the separation agreement there is no specific prohibition against partition, the provision for the wife’s exclusive right to possession of the marital residence would be meaningless and unenforceable if the husband, after a divorce, could compel a sale of the realty. The agreement expressly gives the wife the right to possession until the youngest child attains her 21st birthday or is sooner emancipated. No such emancipation is claimed by the plaintiff and the child is still *1024 14 years removed from the time when the wife will be compelled to quit the premises so that the property may be sold. The obvious purpose of the agreement by which the parties defined their decision to live separate and apart would be thwarted and performance under that contract would be rendered impossible if the husband could successfully pursue his action for partition which itself is an action in equity. (Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755.) Equity will not tolerate injustice.
In opposition to the motion the plaintiff claims that the wife has violated certain provisions of the separation agreement which compel 50% contribution by her toward the payment of taxes, insurance, repairs and the mortgage which encumbers the property. The wife’s failure to perform her obligations under the contract may give rise to certain rights in favor of the husband, but until the agreement is modified or rescinded, it is a complete defense to the action for partition.
No copy of the final decree of divorce has been submitted by either party but if, in fact, the separation agreement has been incorporated, perhaps consideration should be given to modification of that judgment as was discussed in Ripp v Ripp (supra) and Caplan v Caplan (38 AD2d 572).
The defendant’s motion is granted without costs.