Nels BRAATEN, Plaintiff and Appellant,

v.

Bernice M. BRAATEN, Defendant and Respondent.

No. 12584.

Supreme Court of South Dakota.

Argued March 21, 1979.

Decided May 3, 1979.

Sam W. Masten and Jeff Masten, Canton, for plaintiff and appellant.

Carleton R. Hoy and Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent.

DUNN, Justice.

This case involves an appeal from the judgment of the circuit court dismissing the complaint of Nels Braaten (plaintiff) seeking a partition and sale of the marital residence which was owned jointly by the parties and which was in the sole possession of Bernice Braaten (defendant) pursuant to a court order embodied in the divorce judgment. We affirm.

The residence which is the subject of the appeal is located in Canton, South Dakota. It was occupied by the parties until the time of their separation and divorce and was held in joint tenancy. On October 16, 1973, the parties were granted a divorce, and the circuit court's judgment of divorce made the following provision with regard to the marital residence:

"IT IS FURTHER ORDERED that the defendant, Bernice M. Braaten, shall be allowed to continue to live in the home located at 604 South Johnson, Canton, South Dakota, and that the plaintiff will be responsible for paying the real estate taxes on said property and for keeping the insurance in force to adequately protect the property."

It appears from the record that this court order was the result of the following dialogue before the circuit court at the close of the divorce trial:

"THE COURT: I notice here that the plaintiff proposes that when and if the house is sold, as long as the defendant is living, that she live in there and then when she moves that the house go to the three children.

"MR VROOMAN: Or in the alternative, be sold and split equally, either way. Mr. Braaten is not advocating that she should be removed from the house; that's really the only property they have got and he never advocated that. And even in our pleadings we feel she should be allowed to stay there, and I think Nels would probably agree with that, the taxes should be paid on the house.

"MR. BRAATEN: I'll pay them, definitely.

\*       \*       \*       \*       \*       \*

"MR. VROOMAN: That prompts me to say just a few words, Your Honor. We won't have any objections about the taxes and we don't want her out of the house. And probably the stumbling block in this whole thing—Nels is willing to pay child

support for the boy and he never has done that. I think maybe that the plaintiff pay child support for the minor child until his 18th birthday. He doesn't object to that. But he does object to, and quite frankly he's pretty adamant, on his paying Bernice Braaten any alimony. He hasn't come out of this marriage in a good frame, and he thinks if he gives her the house or lets her use it for a lifetime and pays the taxes on it and pays the child support until they're 18—that she still is in the prime of life and she has worked in the past and she can work in the future.

\* \* \* \* \* \*

"MR. VROOMAN: Assuming that he's capable, by that I mean, capable of having the deduction, he'd agree to pay $150 a month child support until the boy's 18 or emancipated, pay the taxes on the house and let her live in it and keep the property up with the understanding that if the house is sold, split the proceeds; and if she continues to live in it, that eventually it goes to the children.

\* \* \* \* \* \*

"MR. VROOMAN: The agreement subject to the interpretation of the Internal Revenue. We all know what we're talking about. Mr. Braaten agrees to pay the back personal property taxes and the real property taxes and agrees to let her remain in the house and pay the real property taxes in the house, too, and keep it insured.

"MR. HOY: That he will continue to pay the taxes.

"MR. VROOMAN: And the insurance. And even after the child's emancipated. If the house is sold or she moves out, split the proceeds, agree at that time to let the kids have it in equal shares."

On the basis of this record and the hearing below, the circuit court found that the judg-

ment of divorce, which required plaintiff to pay the taxes on the property and keep the insurance in force and which allowed defendant to continue to live in the residence for the balance of her life, precluded the petition for partition of the real property. We agree.

■ The right of a cotenant to partition and sale of real property held and possessed by that cotenant is a statutory right. SDCL 21–45–1.* This statutory right, however, is subject to the equitable jurisdiction of the court because partition is a proceeding in equity and the court has the inherent jurisdiction to adjust all the equities in respect to the property. *Greco v. Greco,* 1978, 160 N.J.Super. 98, 388 A.2d 1308; *Miller v. Miller,* 1977, 222 Kan. 317, 564 P.2d 524; *Renesland v. Ellenberger,* 1977, 1 Kan. App.2d 659, 574 P.2d 217; *American Medical International, Inc. v. Feller,* 1976, 59 Cal.App.3d 1008, 131 Cal.Rptr. 270; *Rodkey v. Rees,* 1974, Okl.App., 527 P.2d 1150; *DeMik v. Cargill,* 1971, Okl., 485 P.2d 229; *Chesmore v. Chesmore,* 1971, Okl., 484 P.2d 516; *Jezo v. Jezo,* 1964, 23 Wis.2d 399, 127 N.W.2d 246; *Henkel v. Henkel,* 1937, 282 Mich. 473, 276 N.W. 522.

■ Notwithstanding the application of equity to a partition proceeding, plaintiff argues that partition by a cotenant is an absolute right and therefore the circuit court must grant a partition and sale of the marital property with the division of the proceeds of the sale being the only question to be decided by the court. We recognize that under ordinary circumstances a partition proceeding is a matter of right as an incident of common ownership for a cotenant qualified under the partition statute. *Murphy v. Connolly,* 1966, 81 S.D. 644, 140 N.W.2d 394; *Nelson v. Hendricks,* 1952, 74 S.D. 441, 54 N.W.2d 324; *Kluthe v. Hammerquist,* 1922, 45 S.D. 476, 188 N.W. 749. Although it is a matter of right in the

---

* "When several cotenants hold and are in possession of real property as partners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance or for life or lives or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein and for a sale of such property or a part thereof, if it appear that a partition cannot be made without great prejudice to the owners."

absence of special equities, it is not an inalienable right and may be modified, limited, or waived by agreement of the cotenants. *Harrison v. Domergue,* 1969, 274 Cal. App.2d 19, 78 Cal.Rptr. 797; *Pine v. Tiedt,* 1965, 232 Cal.App.2d 733, 43 Cal.Rptr. 184; *Heldt v. Heldt,* 1963, 29 Ill.2d 61, 193 N.E.2d 7; *Hunt v. Meeker County Abstract & Loan Co.,* 1915, 128 Minn. 207, 150 N.W. 798; Annot. 37 A.L.R.3d 962, 967; 68 C.J.S. Partition § 21, pp. 33–35. The agreement may either be manifested expressly or may arise by implication from the circumstances in which the property was acquired or is held. *Shoup v. Shoup,* 1976, 469 Pa. 165, 364 A.2d 1319; *Twin Lakes Reservoir and Canal Co. v. Bond,* 1965, 157 Colo. 10, 401 P.2d 586, cert. den. 382 U.S. 902, 86 S.Ct. 236, 15 L.Ed.2d 155; *Rosenberg v. Rosenberg,* 1952, 413 Ill. 343, 108 N.E.2d 766; Annot. 37 A.L.R.3d 962, 974. In fact, an agreement to waive partition will be implied where partition would conflict with a prior agreement of the cotenants regarding the purpose for which the property is to be used. *Kayann Properties, Inc. v. Cox,* 1966, 268 N.C. 14, 149 S.E.2d 553; *Pine v. Tiedt,* supra; *Hunt v. Meeker County Abstract & Loan Co.,* supra. This is especially true when the agreement reflects itself in the separation agreement or divorce decree and results in a binding court judgment. See, *Hulslander v. Hulslander,* 1977, 55 Ill.App.3d 981, 371 N.E.2d 652; *Wilisch v. Wilisch,* 1976, Fla. App., 335 So.2d 861; *Hepler v. Burnham,* 1975, 24 N.C.App. 362, 210 S.E.2d 509; *Terrible v. Terrible,* 1975, 91 Nev. 279, 534 P.2d 919; *Orologio v. Orologio,* 1975, 82 Misc.2d 1022, 372 N.Y.S.2d 15; *Goodpasture v. Goodpasture,* 1971, 115 N.J.Super. 189, 278 A.2d 531; *Lovejoy v. Lovejoy,* 1969, 28 Conn.Sup. 230, 256 A.2d 843; *Kayann Properties, Inc. v. Cox,* supra; *Nazzisi v. Nazzisi,* 1962, 203 Cal.App.2d 121, 21 Cal.Rptr. 396; *Mack v. Mack,* 1956, Mo.App., 286 S.W.2d 385; *Miranda v. Miranda,* 1947, 81 Cal. App.2d 61, 183 P.2d 61. See also, *Prude v. Lewis,* 1967, 78 N.M. 256, 430 P.2d 753; *Friesner v. Friesner,* 1922, 193 Iowa 576, 187 N.W. 437; *Henderson v. Henderson,* 1907, 136 Iowa 564, 114 N.W. 178.

The record is replete with the circumstances surrounding the understanding and agreement of the parties. Plaintiff was very adamant about not paying any alimony to defendant, and he suggested that if defendant chose to remain in the marital home he would be responsible for payment of the taxes and insurance on the property. As consideration, defendant did not pursue what appears to be a valid claim for alimony. Thus, a binding agreement was entered into at the divorce trial allowing defendant to remain in the marital home as long as she chooses to so remain and obligating plaintiff to pay the taxes and insurance on the home for as long as defendant chooses to remain. This agreement was reflected in the order quoted above in the circuit court's judgment of divorce. A mere four years later, plaintiff petitions the circuit court for a partition and sale of the marital home in circumvention of the divorce judgment. We must conclude that an agreement to waive partition will be implied from the circumstances present in this case and that a partition and sale of the marital home would conflict with the parties' agreement regarding the purpose for which the property is to be used. A court of equity will not award partition at the instance of plaintiff who now seeks partition in violation of his own agreement.

The judgment of the circuit court is affirmed.

All the Justices concur.