Dale E. **WAGNER**, Plaintiff-Appellant,

v.

Joyce E. **MASKEY**, f/k/a **Wagner**, and Earl E. **Wagner**, Defendants-Appellees.

No. 83–1337.

Court of Appeals of Iowa.

June 26, 1984.

Philip F. Miller, Des Moines, for plaintiff-appellant.

Thomas J. Clarke of Isaacson, Clarke, Vernon & Hodge, P.C., Des Moines, for defendants-appellees.

Considered by SNELL, P.J., and HAYDEN and SACKETT, JJ.

## PER CURIAM.

Bernice Wagner died intestate in 1970 owning a farm as tenant in common with her husband, Earl R. Wagner. Under intestate succession, Earl received one-third of Bernice's undivided one-half share, or one-sixth of the entire farm, in addition to the undivided one-half share which he owned as tenant in common. Bernice's children, Joyce E. Maskey and Dale E. Wagner, each received one-third of Bern-ice's half, or one-sixth of the farm. Joyce and Dale gave Earl a life estate in each of their one-sixth interests in exchange for each receiving half of Earl's remainder interest in Bernice's half of the farm. In other words, Joyce and Dale each added a remainder interest in one-twelfth of the farm to the one-sixth remainder interest they owned through intestate succession. Thus, Earl owned his one-half share, plus a life estate in Bernice's half-share, and Joyce and Dale each owned a one-fourth remainder interest in the farm. In 1979, Joyce purchased on contract her father's entire interest.

When Dale no longer received checks for a share of crops grown on the farm, he brought a partition action in 1982 also seeking an accounting. Defendants Earl and Joyce filed a motion for summary judgment asserting, in effect, that Dale had no present possessory interest sufficient to support a right to partition. Dale's resistance asserted that Earl's sale of his interest by contract effected a merger accelerating the rights of the remaindermen. The trial court entered summary judgment for defendants, finding that either no merger had occurred or, if it had, that its effect was merely to give Joyce a present three-fourths interest in the farm with a life estate in the remaining fourth measured by the life of the father. The court also found that a partition action was inappropriate for adjudicating plaintiff's claim that waste had occurred consisting of the destruction, without his consent, of certain buildings on the farm.

On appeal, Dale claims summary judgment in favor of defendants was inappropriate because he had a right to present possession and thereby a right to partition. We disagree.

■■■ "Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Iowa Code § 557.3 (1981). Therefore, when Earl conveyed his interest in the farm to Joyce, he was able to convey only the interest he possessed as owner of an undivided half of

the farm property and as life tenant on the other half. Joyce already possessed a remainder interest in one-fourth of the farm property. After acquiring all of her father's interests in the property, her one-fourth remainder interest merged with the corresponding one-fourth life tenant interest previously owned by her father. She became owner in fee of three-fourths of the property and owner of a life tenancy measured by Earl's life of the other one-fourth. Dale argues that Earl's sale of his interest effected a merger accelerating the rights of the remaindermen. It is true that a life tenant may, of her own volition, yield her life estate to the remainderman:

such yielding necessarily terminates the life estate, and with it the particular estate dependent thereon. In other words, it accelerates the right of possession of the remaindermen. But the doctrine implies an intention on the part of the life tenant to make such merger. It does not imply power in the remaindermen to accomplish a merger by compulsory process against the life tenant.

*Williams v. Williams*, 200 Iowa 398, 402, 202 N.W. 434, 435 (1925). The one-fourth life tenancy Joyce owned could not merge with the corresponding remainder because merger can occur only when the life tenancy and the remainder interest are owned by the same person. Dale's remainder interest remained intact. It did not accelerate to become a present interest.

■ Generally, only a party entitled to present possession may maintain an action for partition; the holders of an expectant estate do not qualify. *Huse v. Noffke,* 271 N.W.2d 682, 684 (Iowa 1978); *Traversy v. Bell*, 195 Iowa 1243, 1247, 193 N.W. 439, 441 (1923); *Henderson v. Henderson*, 136 Iowa 564, 568, 114 N.W. 178, 179 (1907). This rule was modified somewhat in 1947 by what is now Iowa Code section 557.9 (1981), which states: "No expectant estate shall be *defeated or barred* by an alienation or other act of the owner of the prece-dent estate, nor by the destruction of such precedent estate by disseizin, forfeiture, surrender, or merger...." (emphasis added). Section 557.9 (1981), allows an action for partition to be brought "on the petition of the life tenant, with the consent of the holder in reversion...." Dale is not the life tenant of the estate, nor does he have even the consent of the life tenant for a partition action. His expectant estate is not defeated or barred by Earl's sale to Joyce. He therefore may not bring an action for partition of the farm property. *See Huse v. Noffke,* 271 N.W.2d at 684.

■ Dale also contends summary judgment was inappropriate in this case because factual questions regarding waste and an accounting existed. He asserts the district court was wrong in finding a partition action was inappropriate for adjudicating his claims because any party may "have an adjudication of the rights of any or all parties as to any or all matters growing out of or connected with" the property in a partition action. Iowa R.Civ.P. 275 (1981). Because we find that Dale may not bring a partition action, it would be impossible for his other claims to be decided in that action. The district court stated that its "ruling in these proceedings does not in any way prejudice or defeat any additional or different claims that [Dale] might have as against the Defendants or either of them." We interpret this to mean that the district court ruled only on the partition action and did not decide Dale's other claims. He is not barred from reasserting his other claims in an appropriate action.

AFFIRMED.