[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CENTERBANK'S MOTION TO STRIKE SPECIAL DEFENSE DATED APRIL 30, 1991 (#108)
Centerbank, by virtue of a prior foreclosure action, holds title as a tenant in common to Bethlehem, Connecticut real estate with the defendant, Sharon S. Curran. In this litigation, the bank seeks a partition of the real estate "according to their respective rights of the co-owners." Complaint, Prayer for Relief, Paragraph 1. Additionally, Centerbank seeks a partition by sale if it "would better promote the interest of the co-owners. . ." together with the appointment of a committee for sale. Id. at paragraphs 2 and 3. Sharon S. Curran, by her answer, has admitted the allegations of the complaint and then sat forth a special defense. In her special defense, she alleges that it would be unfair and inequitable for the court to order a partition of the property as that would leave her without a home for herself and her children, without the means of obtaining a new home and without the means of securing an income since her business is upon these premises. Ms. Curran also alleges in the special defense that her husband incurred the debt which is the basis of Centerbank's claim and that there is presently a dissolution of marriage action in this court in the District of Litchfield. The bank now moves to strike this special defense as being legally insufficient to defeat its right to partition the property.[1] We agree and grant the motion.
 I.
A motion to strike is the proper vehicle to challenge the legal sufficiency of a defense. Connecticut Practice Book Section 152. "If. . .a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense." Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6 (1973). Thus, "[t]he purpose of the special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action." Commissioner of Environmental Protection v. National Can Corp., 5 CSCR 316
(February 9, 1990, Corrigan, J.).
"[T]here are numerous decisions by this court indicating that CT Page 7309 this statutory right to partition is absolute and that the difficulty of making partition and inconvenience to other tenants are not grounds for denying the remedy; e.g., Johnson v. Olmstead,49 Conn. 509, 517 (1881); Scovil v. Kennedy, 14 Conn. 349, 360
(1841). . . ." Denfield v. Jarvis, 175 Conn. 463, 468-69 (1978). See also Delfino v. Vealencis, 181 Conn. 533, 536-37 (1980).
Section 52-495 of our statutes, which provides for partition in kind, is a matter of right, but partition by sale, which is also prayed for here, rests in the discretion of the court. It may be ordered only when it better promotes the interests of the owners than actual division. See: Borzencki v. Estate of Stakum,195 Conn. 368, 372-74 (1985); Novitsky v. Novitsky, 9 Conn. Sup. 136,137 (Super.Ct. 1940). Thus, certain circumstances, such as impracticality of the actual division, expand the right to partition to allow partition by sale. Delfino v. Vealencis,181 Conn. at 537.
The permissible defenses to the right to partition are those which would defeat Centerbank's actual right to compel such a partition. 68 CJS Partition, Section 47 (1950). Connecticut courts have recognized the following as permissible defenses to the right to partition: a claim of adverse possession of the property sought to be partitioned by the defendant, Harrison v. International Silver Co., 78 Conn. 417 (1905); the existence of a trust interest in the property if partition would defeat the purposes of the trust, Bauby v. Bauby, 14 Conn. Sup. 385 (Super. Ct. 1946); an agreement prohibiting partition, Rayhol Co. v. Holland, 110 Conn. 516 (1930); and a claim of invalidity in the plaintiff's procurement of title, Narowski v. Kichar, 181 Conn. 251
(1980). Our Supreme Court has held that difficulty in making a partition and resulting inconveniences to the parties are not sufficient defenses to the right of partition. Scovil v. Kennedy,14 Conn. 349, 360-61 (1841). Although a partition by sale may obviate the need to order a partition in kind in cases of extreme difficulty or hardship, Delfino, 181 Conn. at 537-38, no Connecticut case law exists which recognizes such circumstances as defeating the vary right to partition.
Curran, in her well written brief in opposition to this motion, recognizes the bank's "right" when she argues "by her special defense, the defendant, Sharon S. Curran, is not disputing the basic `right' of the bank, as a tenant in common, to seek a partition. Under the circumstances of this case, however, the defendant claims that injustice will result unless the bank's demand for partition is barred at this juncture." Memorandum of Law in Opposition to the Motion to Strike Special Defense, dated May 10, 1991 at 2.
It seems to us that Sharon S. Curran, by virtue of her CT Page 7310 special defense, seeks a delay in this partition action based on the pending marital dissolution action. Such a delay is more properly the subject of a motion for stay than a special defense, which, if proven, would defeat Centerbank's cause of action. Burn v. Brown, 29 Conn. Sup. 76, 77 (Super.Ct. 1970). Curran also cites us to Lovejoy v. Lovejoy, 28 Conn. Sup. 230 (Super.Ct. 1969) to support the legal sufficiency of her special defense. The court in Lovejoy allowed a defendant-wife to plead by special defense the existence of pendente lite orders in a pending divorce action awarding her exclusive possession of that property. However, in Lovejoy, a partition action between spouses with a marital dissolution action pending, the action for partition involved issues of possession and title of the affected premises. Here, Ms. Curran admits that Centerbank is a joint title holder with her. In these admitted circumstances, the bank's right to partition may not be absolutely defeated by any of the facts alleged in this special defense.
We grant the motion to strike.
So ordered.
/s/ WILLIAM PATRICK MURRAY, J. A JUDGE OF THE SUPERIOR COURT