[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 3, 1996
On August 10. 1995, the plaintiff, Mundaca Investment Corporation, filed a complaint against the defendant, Vincent J. DiLauro. With the complaint, the plaintiff filed a notice of lis pendens on the defendant's property.[1]
In the complaint, the plaintiff alleges that it and DiLauro own property as tenants in common in Trumbull, CT. Further, in the prayer for relief, the plaintiff requests a partition of the property, according to the rights of the owners, or a sale of the property and a division of the proceeds, if a sale would better promote the interest of the co-owners.
On September 29, 1995, DiLauro filed an answer to the plaintiffs complaint. With the answer, DiLauro filed six special defenses and a counterclaim.
On October 10, 1995, this court granted the plaintiffs motion to cite in as a defendant to this case the Federal Deposit Insurance Corporation (FDIC), as receiver of the New Connecticut Bank and Trust Company, N.A.
On December 20, 1995, the plaintiff filed a motion to strike DiLauro's special defenses and counterclaim, and a memorandum of law in support.
On January 12, 1996, DiLauro filed a memorandum of law in opposition to the plaintiff's motion to strike DiLauro's special defenses and counterclaim.
On February 20, 1996, the plaintiff refiled the same motion to strike and the same memorandum of law in support of the motion to strike that it had filed on December 20, 1995.[2]
Through a motion to strike, a party may contest the legal sufficiency of a complaint's allegations for failure to state a claim upon which relief can be granted. RK Constructors Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id. The court must, "construe the facts alleged in the complaint in a light most favorable to the pleader." Id.
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "If a complaint contains CT Page 5124 the necessary elements of a cause of action, it will survive a motion to strike." D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
A motion to strike may challenge the legal sufficiency of an answer, a special defense, or a counterclaim. ConnecticutNational Bank v. Voog, 233 Conn. 352, 354, 659 A.2d 172 (1995);Connecticut National Bank v. Douglas, 221 Conn. 530, 533-34,606 A.2d 684 (1986); see also Practice Book § 152(5).[3]
Further, "[t]he granting of a motion to strike a special defense is not a final judgment and is therefore not appealable . . . The striking of special defenses neither terminates a separate proceeding nor so concludes the rights of the parties that further proceedings cannot affect them." Mechanics Savings Bankv. Townley Corp., 38 Conn. App. 571, 573, 662 A.2d 815 (1995).
DiLauro raises six special defenses and a counterclaim to the plaintiff's complaint. In his first special defense, DiLauro argues that the plaintiff does not adequately set forth its right, interest and proportion in the property, at issue. DiLauro raises waiver and laches as the grounds for his second and third special defenses, respectively. In his fourth special defense, DiLauro argues that the "property which forms the subject of the within action has a fair market value greatly in excess of the debt alleged to be owed to the plaintiff and therefore the request of plaintiff for a partition of the real estate is improper and inequitable." DiLauro bases his fifth special defense on the equitable doctrine of unclean hands. Last, in his sixth special defense, which also serves as his counterclaim, DiLauro argues that "a decree transferring the plaintiff's title in the real property to the defendant, and providing monetary compensation to the plaintiff based on the actual value of the judgment and interest it purchased from the FDIC, pursuant to . . . [General Statutes §] 52-22, would be a more appropriate remedy in this case."
In Centerbank v. Curran, Superior Court, judicial district of Waterbury, Docket No. 0109612 (August 13, 1991) (Murray, J., 4 CONN.L.RPTR. 375, 6 CSCR 804), Centerbank acquired, through a prior foreclosure action, title to property in Bethlehem, CT, as a tenant in common with the defendant Sharon S. Curran.Centerbank v. Curran, supra. Centerbank sought to partition the property according to the respective rights of the co-owners. In her answer, Curran raised a special defense alleging "that it would be unfair and inequitable for the court to order a CT Page 5125 partition of the property as that would leave her without a home for herself and her children, without the means of obtaining a new home and without the means of securing an income since her business is upon these premises." Id. Consequently, Centerbank moved to strike this special defense as legally insufficient to defeat its right to partition the property. The court granted Centerbank's motion to strike Curran's special defense.
The Centerbank v. Curran court, in granting Centerbank's motion to strike, stated that "[t]here are numerous decisions by this court indicating that this statutory right to partition is absolute and that the difficulty of making partition and inconvenience to other tenants are not grounds for denying the remedy . . ." Centerbank v. Curran, supra. The court also determined that the "permissible defenses to the right to partition are those which would defeat Centerbanks' actual right to compel such a partition . . . Connecticut courts have recognized the following as permissible defenses to the right to partition: a claim of adverse possession of the property sought to be partitioned by the defendant, . . . the existence of a trust interest in the property if partition would defeat the purposes of the trust, . . . an agreement prohibiting partition, . . . and a claim of invalidity in the plaintiff s procurement of title . . . Our Supreme Court has held that difficulty in making a partition and resulting inconveniences to the parties are not sufficient defenses to the right of partition . . . Although a partition by sale may obviate the need to order a partition in kind in cases of extreme difficulty or hardship, . . . no Connecticut case law exists which recognizes such circumstances as defeating the very right to partition." (Citations omitted.) Centerbank v. Curran, supra.
Clearly, Centerbank v. Curran, supra, suggests the outcome of the present case. In this case, the plaintiff and DiLauro own property as tenants in common in Trumbull, CT. The plaintiff requests, in its prayer for relief, that the court partition the property according to the rights of the owners, or if a sale would better promote the interest of the co-owners, a sale of the property and a division of the proceeds. In the plaintiffs motion to strike DiLauro's special defenses and counterclaim, DiLauro raises six special defenses, and a counterclaim, which he also alleges as his sixth special defense. However, none of the special defenses alleged by DiLauro fall within the list of permissible defenses to the right to partition enumerated inCenterbank v. Curran, supra. Therefore, the plaintiff's motion to CT Page 5126 strike DiLauro's special defenses and counterclaim is granted.
WEST, J.